# THORN WIRE HEDGE COMPANY *v.* FULLER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF MINNESOTA.

Submitted May 10, 1887. — Decided May 27, 1887.

An Illinois corporation recovered judgment against P., a citizen of Minnesota, in a court of that state. An execution issued thereon was placed in the sheriff's hands with directions to levy on property of P. which had been transferred to F., and was in F.'s possession, the corporation giving the officer a bond with sureties. F. sued the officer in trespass, and he answered, setting up that the goods were the property of the execution debtor. The corporation and the sureties then intervened as defendants, and answered, setting up the same ownership of the property, and further that the sheriff had acted under their directions, and that they were the parties primarily liable. The plaintiffs in that suit replied, and the intervenors then petitioned for the removal of the cause to the Circuit Court of the United States, setting forth as a reason therefor that the plaintiff and the sheriff were citizens of Minnesota, the intervenors and petitioners citizens of Illinois; that the real controversy was between the plaintiff and the petitioners; and that the petitioners believed that through prejudice and local influence they could not obtain justice in the state court. The cause was removed on this petition, and a few days later was remanded to the state court on the plaintiff's motion.

*Held,* that, on their own showing the intervenors were joint trespassers with the sheriff, if any trespass had been committed, and by their own act they had made themselves joint defendants with him, and that on the authority of *Pirie* v. *Tvedt,* 115 U. S. 41, and *Sloane* v. *Anderson,* 117 U. S. 275, the cause was not removable from the state court.

THIS was a writ of error brought under § 5 of the act of March 3, 1875 (c. 137, 18 Stat. 470), for the review of an order of the Circuit Court remanding a suit which had been removed from the District Court of Freeborn County, Minnesota. The facts were these: Cassius D. Fuller and Burt G. Patrick, citizens of Minnesota, doing business as hardware merchants in the city of Albert Lea, began the suit October 12, 1886, against Jacob Larson, sheriff of the county, for trespass, in taking possession of their stock of goods and destroying their business. The sheriff answered, November 13, 1886, to the effect that his taking was under the authority of an execution

issued upon a judgment in the same court in favor of The Thorn Wire Hedge Company, an Illinois corporation, against George A. Patrick, and that the goods were the property of the execution debtor, which had been transferred by him to Fuller & Patrick, the plaintiffs, in fraud of the rights of his creditors.

On the same day The Thorn Wire Hedge Company, J. W. Calkins, Aaron K. Stiles, and Gary G. Calkins, intervened as defendants in the action, and filed an answer, substantially the same in all respects as that of the sheriff, with the following in addition:

"That in making the levy of said execution and in selling the said property under the same, the said sheriff (Larson) acted under the express direction of said intervenor, The Thorn Wire Hedge Company, and upon indemnity furnished him by said Thorn Wire Hedge Company, with said intervenors, J. W. Calkins, Aaron K. Stiles, and Gary G. Calkins, as sureties and bondsmen, according to the statute in such case made and provided, and in that behalf said intervenors acted, . . . without any malice or want of probable cause or intent to wrong anybody, and solely with intent to obtain payment of a just debt due from said George A. Patrick, and out of the property which he owned and had attempted to cover up, but which really belonged to him. . . . That by reason of said facts, said intervenors, The Thorn Wire Hedge Company, J. W. Calkins, Aaron K. Stiles, and Gary G. Calkins, acting under the statute in such case made and provided, are the parties primarily liable for the acts and doings of said defendant Jacob Larson, and as such are interested in the matters in litigation in this action and in the success of the defendant therein and in resisting the claim of the plaintiffs therein. Wherefore said Thorn Wire Hedge Company, J. W. Calkins, Aaron K. Stiles, and Gary G. Calkins intervene in this action and pray that said plaintiffs take nothing by this action."

To these answers the plaintiffs replied, and on the 22d of November the intervenors presented to the District Court their petition for the removal of the suit to the Circuit Court

of the United States, in which they stated that the plaintiffs and the defendant Larson were citizens of Minnesota, and the intervenors and petitioners citizens of Illinois, and —

" 5. That such taking, detention, and ultimate sale . : . were all done by said Jacob Larson, in his official capacity as such sheriff, and at the request of your petitioners and by virtue of a writ of execution duly allowed and issued out of the District Court of the Tenth Judicial District of the state of Minnesota, for the county of Freeborn, in an action therein pending in that court between said petitioner, The Thorn Wire Hedge Company, as plaintiff, and one George A. Patrick, as defendant, and under indemnity furnished by said Thorn Wire Hedge Company, with said petitioners, J. W. Calkins, Aaron. K. Stiles, and Gary G. Calkins, as bondsmen and sureties therein to such sheriff, pursuant to the statute in such case made and provided, and to save him harmless from all damages and costs for and on account of so doing; and, accordingly, said sheriff has duly notified said petitioners to defend this said action, and accordingly said petitioners, pursuant to the statute in such case made and provided, have duly intervened in said action as parties defendant thereto, and have duly made and filed in said action their pleading as such intervening parties defendant.

" 6. That, in virtue of said facts, said defendant, Jacob Larson, was at all such times and in all said matters, so far as said plaintiffs are concerned, the mere agent of said petitioners provided for them by law in such cases, and there can be a final determination of the controversy in said action, so far as concerns said petitioners, without the presence of such agent, said defendant Jacob Larson, and, in fact, the real controversy in said action is wholly between said plaintiffs on the one side and said petitioners on the other side, and the same can be fully determined as between them.

" 7. That your petitioners have reason to believe, and do believe, that, from prejudice as well as from local influence, they will not be able to obtain justice in said action in said state court.

." Wherefore said petitioners pray that said action be re-

moved into the United States Circuit Court to be held within and for the District of Minnesota, and herewith present, the bond and surety as in such cases required."

Upon this petition an order of removal was made and the suit entered in the Circuit Court December 11, 1886; and, on the 21st of the same month, it was remanded on motion of Fuller and Patrick. To reverse that order this writ of error was brought.

*Mr. Charles D. Kerr* for plaintiffs in error.

I. The liability of the intervenors in this action is measured by the terms of the contract of indemnity. The law relating to the responsibility of joint wrongdoers, or of those who adopt and ratify the wrongful acts of others, committed in their behalf, does not indicate the rule or measure of damages to be adjudged against the appellants. So far as they are concerned, it is, except as to the form of the proceedings and of the judgment, as though this were an action prosecuted by the sheriff upon the indemnity bonds, after his right to recover upon them had been established.

Hence the amount of the recovery against the principals and sureties in the bond is limited to the penal sum named therein, with interest from the time when their liability became fixed and ascertained. *Lasher* v. *Getman,* 30 Minn. 321. It is apparent, therefore, without argument, that there is a separate controversy here between the intervenors, Thorn Wire Hedge Company and its bondsmen on the one side, and the sheriff, Larson, on the other, which either of said parties had a right to remove to the Federal court.

The liability of the intervenors to the sheriff upon their bond of indemnity is to be determined. This is *ex contractu,* and is limited by the amount of the bond.

II. There is another phase of this controversy between the intervenors and the sheriff, Larson.

The complaint, in effect, alleges a malicious, wrongful and wanton abuse of his process on the part of the sheriff. Now it is clear that the statute we have cited does not contemplate

the giving of a bond by the execution plaintiff to indemnify the sheriff against such acts as these, nor did the bond in this case have any such effect, nor are the intervening defendants who seek their rights in this court responsible for such conduct on the part of the sheriff.

Manifestly then, judgment might, in this case, be recovered against the sheriff and yet the non-resident intervenors go free, which brings the case within the reasoning of *Beuttel* v. *Chicago, Milwaukee & St. Paul Railway,* 26 Fed. Rep. 510.

It is not clear, by the record sent up from the state court, under what statute the intervention in this suit was made. However made, the intervenors can, not only resist the claim of the plaintiff, but may have such relief as the facts may warrant against their codefendants. It is well settled that, for the purpose of removal, parties may be transferred and arranged in their proper positions, with reference to their interest in the controversy, without regard to their formal position as plaintiffs or defendants on the record. *Burke* v. *Flood,* 6 Sawyer, 220.

III. Aside from this separate controversy between the intervenors and their codefendant, Larson, we think the controversy between them and the plaintiffs is separable in its nature. The effect of such an intervention as this, is to shift from the sheriff to the intervenors the entire burden and responsibility of the suit, so far as the official action of the officer is concerned. The moment it is made the sheriff becomes, to all intents and purposes, a merely formal or nominal party. The real controversy thenceforth is with the intervenors, and the presence of the sheriff, who is conditionally liable, is not necessary to its determination. *Greene* v. *Klinger,* 10 Fed. Rep. 689; *Texas* v. *Lewis,* 12 Fed. Rep. 1. See also *In re the Iowa & Minnesota Construction Co.,* 10 Fed. Rep. 401; *Beuttel* v. *Chicago, Milwaukee, &c., Railway,* 26 Fed. Rep. 50; *Mayor of New York* v. *Steamboat Co.,* 94 Fed. Rep. 817; *Town of Aroma* v. *Auditor,* 9 Bissell, 289; *Removal Cases,* 100 U. S. 457; *Wood* v. *Davis,* 18 How. 467; *Sioux City Railway* v. *Chicago, &c., Railway,* 27 Fed. Rep. 770; *Foss* v. *Bank of Denver,* 1 McCrary, 474; *Allen* v. *Ryerson,* 2 Dillon, 501.

It will be observed that in all of the *Removal Cases*, 100 U. S. 457, suit was commenced by the plaintiff against both the resident and non-resident defendants. He had elected, so far as it lay in his power, to recover against them jointly.

Those cases, and all which have followed in the same line, have proceeded upon the reasoning, that although liability in tort is several, as well as joint, yet the plaintiff having elected to make it joint, it did not lie in the power of any of the defendants to make it several, so as to create the separate controversy necessary as a groundwork for removal under the act of 1875.

This reasoning is not applicable in the case at bar, because the plaintiff did not *elect* to sue the defendants *jointly*. His election, so far as he could exercise it, was precisely the contrary. He made his cause of action several, and cannot now claim that it is joint by virtue of any election on his part.

Moreover, the non-resident defendant, by his intervention, has tendered to this plaintiff a separate and distinct controversy on the question of fraud, upon which separate controversy the plaintiff, by his reply, has joined issue, and he cannot now prevent the intervening defendants from removing that controversy to this court. He is without the logic, and therefore without the application of the decisions in the *Tvedt* and *Carson* cases. This is plainly indicated in *Boyd* v. *Gill*, 19 Fed. Rep. 145.

It is settled that the law of 1866 is practically repealed by the law of 1875. *Hyde* v. *Ruble*, 104 U. S. 407; *King* v. *Cornell*, 106 U. S. 395.

*Mr. Thomas Wilson* for defendants in error.

MR. CHIEF JUSTICE WAITE, after stating the case as above reported, delivered the opinion of the court.

We have been referred by the parties to the following sections of c. 66 of the General Statutes (1878) of Minnesota as authority for the intervention of the execution creditor and his sureties in the action:

" SECTION 131. *Intervention.* — Any person who has an interest in the matter at litigation, in the success of either of the parties to the action, or against either or both, may become a party to any action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, or either of them, either before or after issue has been joined in the cause, and before the trial commences. The court shall determine upon the issues made by the intervention at the same time that the issue in the main action is decided, and the intervenor has no right to delay ; and if the claim of the intervenor is not sustained, he shall pay all the costs of the intervention. The intervention shall be by complaint, which must set forth the facts on which the intervention rests; and all the pleadings therein shall be governed by the same principles and rules as obtain in other pleadings. But if such complaint is filed during term, the court shall direct a time in which an answer shall be filed thereto."

" SECTION 154. *Claim of property by third person — affidavit — indemnity by plaintiff.* — If any property levied upon or taken by a sheriff, by virtue of a writ of execution, attachment, or other process, is claimed by any other person than the defendant or his agent, and such person, his agent or attorney, makes affidavit of his title thereto, or right to the possession thereof, stating the value thereof, and the ground of such title or right, the sheriff may release such levy or taking, unless the plaintiff, on demand, indemnify the sheriff against such claim, by bond executed by two sufficient sureties, accompanied by their affidavit that they are each worth double the value of the property as specified in the affidavit of the claimant of such property, and are freeholders and residents of the county ; and no claim to such property by any other person than the defendant or his agent shall be valid against the sheriff, unless so made; and, notwithstanding such claim, when so made, he may retain such property under levy a reasonable time to demand such indemnity.

"SECTION 155. *Plaintiff to be impleaded with sheriff in action against him.* — If, in such case, the person claiming the ownership of such property commences an action against the sheriff for the taking thereof, the obligors in the bond provided for in the preceding section, and the plaintiff in such execution, attachment, or other process, shall, on motion of such sheriff, be impleaded with him in such action. When, in such case, a judgment is rendered against the sheriff and his codefendants, an execution shall be immediately issued thereon, and the property of such codefendants shall be first exhausted before that of the sheriff is sold to satisfy such execution."

The record does not state in direct terms which of the forms of proceeding provided for in these sections was adopted. The intervenors claim they went into the suit under §§ 154 and 155, and the plaintiffs that it was under § 131. In the view we take of the case this question is quite immaterial. The intervenors, in their answer, state in positive terms that Larson in all that he did acted under the express direction of the Thorn Wire Hedge Company and upon the indemnity furnished him for that purpose, and that they are the parties primarily liable for his acts and doings. In their petition for removal they are even more explicit, and say that he "was at all such times, and in all such matters, so far as said plaintiffs are concerned, the mere agent for the petitioners provided for them by law." In other words, they have by their pleadings placed themselves on record as joint actors with the sheriff in all that he has done, and as promoters of his trespass, if it be one. The suit, therefore, stood at the time of the removal precisely as it would if it had been begun originally against all the defendants upon an allegation of a joint trespass. By coming into the suit the intervenors did not deprive the plaintiffs of their right of action against the sheriff. He is still, so far as they are concerned, a necessary party to the suit. The intervenors may unite with him to resist the claim of the plaintiffs, but by their doing so the nature of the action is in no way changed. The cause of action is still the original alleged trespass. At first the suit was against him who actually com-

mitted the trespass alone; now it is against him and his aiders and abettors, who concede, upon the face of the record, that they are liable if he is. As the case stood, therefore, when it was removed, it was by citizens of Minnesota against another citizen of Minnesota and citizens of Illinois, for an alleged trespass committed by all the defendants acting together and in concert. If one is liable, all are liable. The judgment, if in favor of the plaintiffs, will be a joint judgment against all the defendants.

That such a suit is not removable was decided in *Pirie* v. *Tvedt*, 115 U. S. 41, and *Sloane* v. *Anderson*, 117 U. S. 275. The fact that if the intervention was had under §§ 154 and 155, the property of the intervenors must first be exhausted on execution before that of the sheriff is sold, does not alter the case. The liability of all the defendants upon the cause of action is still joint, so far as the plaintiffs are concerned. By getting the intervenors in, the sheriff will be able to establish his right of indemnity from them, but that does not in any way change the rights of the plaintiffs. The intervenors do not seek to relieve themselves from liability to the sheriff if he is bound, but to show that neither he nor they are liable to the plaintiffs.

It follows that the order to remand was properly made, and it is, consequently,

*Affirmed.*