### WRIGHT v. ANKENY et al.

(District Court, W. D. Washington, N. D. October 23, 1914.)

#### No. 44.

1. REMOVAL OF CAUSES (§ 48*) — SEPARABLE CONTROVERSY — SUIT AGAINST STOCKHOLDERS.

The liability of each stockholder of an insolvent corporation is distinct and separate, and may be enforced by a receiver for the corporation by a separate action; and the fact that he seeks recovery against a number in single action does not change the separable character of the controversies, nor deprive a defendant, otherwise entitled, of the right to remove the cause as to him into a federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 93, 94; Dec. Dig. § 48.*]

2. REMOVAL OF CAUSES (§ 61*)—SEPARABLE CONTROVERSY—HOW DETERMINED.

For the purposes of the removal of a cause into the federal court, the cause of action is the subject of controversy, and that is whatever the plaintiff declares it to be in his pleading.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 115; Dec. Dig. § 61.*]

3. REMOVAL OF CAUSES (§ 48*)—SEPARABLE CONTROVERSY—PARTIES ENTITLED TO REMOVE.

The receiver of an insolvent corporation commenced an action in a state court against a number of defendants to enforce their liability on unpaid stock subscriptions. The complaint alleged that three of the defendant stockholders had entered into a conspiracy with a fourth defendant to defraud plaintiff, pursuant to which they had conveyed lands situated in the state of suit to the fourth defendant. The lands were attached, and their sale under the attachment prayed for. All of such defendants were citizens and residents of another state, and as to one stockholder the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

amount involved was sufficient to give a federal court jurisdiction. *Held,* that the cause of action so alleged was separable from that alleged against other defendants, and that under Judicial Code (Act March 3, 1911, c. 231) § 28, 36 Stat. 1094 (Comp. St. 1913, § 1010), which provides that in such case "either one or more of the defendants actually interested in such controversy may remove said suit," all of the defendants so named might join in its removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 93, 94; Dec. Dig. § 48.*]

In Equity. Suit by Elias Wright, receiver of the Lak-A-Taka Company, against R. V. Ankeny and others. On motion to remand to state court. Denied.

See, also, 217 Fed. 988.

William Brueggerhoff, of Seattle, Wash., for plaintiff.

Peters & Powell, of Seattle, Wash., for petitioning defendants.

NETERER, District Judge. This is an action commenced in the state court by the receiver of an insolvent corporation to enforce the liability of a stockholder on unpaid stock subscription. Many persons are made defendants, all of whom are citizens of the state of Washington except the petitioning defendants, who are residents of Wisconsin. Recovery is sought against Frank H. Parker for $5,000, Lawrence A. Olwell for $2,500, and Wilfred C. Parker for $1,000. Lands in Washington have been attached, and foreclosure of the attachment lien sought, and application of the proceeds of sale to the satisfaction of these claims. It is alleged in the complaint:

"That the said Frank H. Parker, Wilfred C. Parker, and Lawrence A. Olwell, on or about the 13th day of April, 1914, formed a conspiracy with one Walter S. Droppers for the purpose and with the intent of evading their liability and indebtedness to the receiver on their respective stock subscriptions above stated, and conspired together * * * to carry out the intents and purposes of absolving themselves from their indebtedness by placing their properties in the state of Washington beyond the process of law."

And it alleges in substance that the real estate attached is the property of the Parkers and Olwell, and that the title thereto was, as the result of said conspiracy, placed in the name of Walter S. Droppers for the purpose of concealing the same from the plaintiff and creditors; and it further alleges that Jane Doe Droppers is the wife of Walter S. Droppers, and that the said Parkers and Olwell and their wives made said transfer to Walter S. Droppers with intent to delay and defraud the receiver and creditors of the said Parkers and Olwell. On petition, the action was removed to this court. A motion to remand has been made, which is now under consideration.

[1] In support of the motion to remand, it is contended that this is not a controversy wholly between citizens of different states, nor is the controversy a separable controversy; and Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514, Wilson v. Oswego Township, 151 U. S. 56, 14 Sup. Ct. 259, 38 L. Ed. 70, and Hyde v. Ruble, 104 U. S. 407, 26 L. Ed. 823, are cited. These are cases arising under the acts of Congress of July 27, 1866 (14 Stat. 306, c. 288), and March 3, 1875 (18

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Stat. 470, c. 137 [Comp. St. 1913, § 1033]), and the court simply held in those cases that there was not a separable controversy wholly between citizens of different states.

Section 28 of the Judicial Code (Act March 3, 1911, 36 Stat. 1094) provides for the removal of causes to this court, of which the court is given jurisdiction by the Judiciary Act, where the defendant or defendants are nonresidents of the state, " * * * and when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either *one* or *more* of the defendants *actually interested* in such controversy *may remove* said suit into the District Court of the United States for the proper district. * * * "

[2] All of the defendants seeking removal are residents of Wisconsin. The plaintiff is a resident of Washington. The amount involved as to Frank H. Parker is within this court's jurisdiction. The liability of each stockholder of an insolvent corporation is a distinct and separable liability, which could be pursued by the receiver in separate causes of action. The mere fact that recovery is sought against each in one action does not destroy the separable controversy, but still leaves it to. be divided in the several parts which the exigencies of the proceeding may require by demands asserted by the various interested parties, under provisions of law bearing upon their several rights, or the tribunal before whom the several rights shall be asserted. The cause of action is the subject of the controversy, and that is, for all of the purposes of the action, whatever the plaintiff declares it to be in his pleadings. Louisville & Nashville Rd. Co. v. Ide, 114 U. S. 53, 5 Sup. Ct. 735, 29 L. Ed. 63; Thorn Wire Hedge Co. v. Fuller, 122 U. S. 535, 7 Sup. Ct. 1265, 30 L. Ed. 1235; Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528.

[3] The plaintiff seeks to foreclose an attachment lien upon real estate in Washington, which the plaintiff charges was, through the conspiracy of the petitioning defendants, transferred from the names of the stock-subscribing petitioners to the other petitioners. All of the parties are necessary to an adjudication of the conspiracy charged as bearing upon the title to this land, the value of which it is sought to apply upon the stock liability, and the cause of action being removable upon any phase of legal approach as to Frank H. Parker (Judicial Code, supra), and it appearing that the issue can be fully determined as to the plaintiff and these defendants in this cause, it may be removed to this court upon such petition (Barney v. Latham, supra).

The motion to remand is denied.