### WRIGHT v. ANKENY et al.

(District Court, W. D. Washington, N. D. November 17, 1914.)

No. 44.

1. APPEARANCE (§ 9*)—"GENERAL APPEARANCE" OR "SPECIAL APPEARANCE"—PETITION FOR REMOVAL TO FEDERAL COURT.

The filing of a petition for removal in a state court does not amount to a "general appearance" in the cause, but to a "special appearance" only.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 42–52; Dec. Dig. § 9.*

For other definitions, see Words and Phrases, First and Second Series, General Appearance; Special Appearance.]

2. COURTS (§ 11*)—JURISDICTION OVER PERSON—SUITS INVOLVING SEPARABLE CONTROVERSIES.

In a suit by the receiver of an insolvent corporation against a number of defendants to enforce their liability on unpaid stock subscriptions the cause of action against each defendant is separate and distinct, and the acquiring of jurisdiction over one defendant does not give the court jurisdiction over another.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 32, 42–44; Dec. Dig. § 11.*]

3. ATTACHMENT (§ 74*)—JURISDICTION OVER PERSON AND PROPERTY.

Under Rem. & Bal. Code Wash. § 204, which requires attachment suits against land to be brought in the county where the land or some part thereof is situated, in an attachment suit brought in a county other than that in which the land is situated, against a nonresident defendant who is not personally served with process, the court acquires no jurisdiction over either the person or subject-matter.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 201½; Dec. Dig. § 74.*]

4. ATTACHMENT (§ 209*)—JURISDICTION OF PERSON—SERVICE BY PUBLICATION.

To acquire jurisdiction in an attachment suit through service by publication on a nonresident owner of land under the statute of Washington, the attachment must have been issued and levied before the order for publication is made.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 675–687, 690, 691; Dec. Dig. § 209.*]

In Equity. Suit by Elias Wright, receiver of the Lak-A-Taka Company, against R. V. Ankeny and others. On motion by certain defendants to quash service. Motion granted.

See, also, 217 Fed. 985.

William Brueggerhoff, of Seattle, Wash., for plaintiff.

Peters & Powell, of Seattle, Wash., for moving defendants.

NETERER, District Judge. This is a bill in equity, filed in the King county state court by the receiver of an insolvent corporation to recover the amount of unpaid stock subscriptions of each of the defendants, and others, except as to Walter S. Droppers and wife. Plaintiff also alleges a conspiracy on the part of defendants Parker and Olwell with defendants Droppers to place their properties in Grant county, Wash., beyond the process of law by fraudulent conveyance to Droppers. In his prayer the receiver asks for judgment

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

against all of the defendants on their respective stock subscriptions, and for judgment foreclosing the attachment lien levied upon the property described in the proceeding, and decreeing the deed and transfer to Droppers as fraudulent and void.

On August 20, 1914, defendants Parker and Olwell, "appearing specially," filed in the state court their motion to quash the attempted service of summons upon each of them for the following reasons and upon the following grounds:

"(1) That each and all of said defendants are nonresidents of the state of Washington, and are and have been during the institution of this suit without the state of Washington, and the only service attempted to be made upon them is by publication of summons based upon attachment of their alleged interest in certain real property situated in Grant county, state of Washington, said attachment being issued out of King county, which proceeding is erroneous in this: That the suit under such circumstances could only be commenced in Grant county, where the lands lie.

"(2) Because proceedings for publication of summons and publication of summons were commenced before any lien by way of attachment had been created.

"(3) Because the affidavit for the basis of service by publication filed by the plaintiff fails to state or to show that the court had jurisdiction of the subject of the action.

"(4) Because neither the affidavits filed as a basis for the action nor the summons shows the property attached or defines the object or purpose of the action as required by statute."

On the same date, August 20, 1914, said defendants petitioned the court for a removal to this court, on the ground of a separable controversy between citizens of different states; plaintiff being a citizen of Washington, and the defendants citizens of Wisconsin. The action was thereupon formally removed, and the motion to remand denied by decision of this court filed October 23, 1914. The motion to quash is now presented, and it is contended by the plaintiff that, a general appearance having been entered by the defendants for the purpose of removal, waiver of the objection to the jurisdiction was thereby made.

[1] This is disposed of by the Supreme Court of the United States against the contention of the plaintiff, in which the court, through Chief Justice Fuller, in Wabash W. Ry. Co. v. Brow, 164 U. S. 271, at page 279, 17 Sup. Ct. 126 at page 128 (41 L. Ed. 431) said:

"The Circuit Court of Appeals held that a petition to remove, without more, was tantamount to a general appearance, but that this result could be avoided by a special appearance accompanying, or made part of, the petition, which would not be waived by or be inconsistent with the general appearance because the application was analagous to an objection to jurisdiction over the subject-matter. We do not concur in this view. By the exercise of the right of removal, the petitioner refuses to permit the state court to deal with the case in any way, because he prefers another forum, to which the law gives him the right to resort. This may be said to challenge the jurisdiction of the state court, in the sense of declining to submit to it, and not necessarily otherwise. We are of opinion that the filing of a petition for removal does not amount to a general appearance, but to a special appearance only."

The contention of the defendants that, the land attached being in Grant county and plaintiff's suit prosecuted in King county, the court, not having jurisdiction of the defendants, did not obtain jurisdiction over the land described, must be determined by section 204, Rem. &

Bal. Code, vol. 1, under which the land was attached, which provides that:

"Actions for the following causes shall be commenced in the county in which the subject of the action, or some part thereof, is situated:

"1. For the recovery of * * * or for the determination of all questions affecting the title or for any injuries to real property."

[2] It is asserted by the plaintiff that, this being an action for the enforcement of a stock subscription liability against many defendants, the court having acquired jurisdiction of some defendants in King county and the action, being a separable one, may be, under the rule of the Supreme Court of Washington, prosecuted as one action, and that the state court thereby acquired jurisdiction of all defendants for all purposes. This contention is disposed of by this court upon the motion to remand (217 Fed. 985), in which this court said:

"The mere fact that recovery is sought against each in one action does not destroy the separable controversy, but still leaves it to be divided into the several parts which the exigencies of the proceeding may require by demand asserted by the various interested parties, under the provisions of law bearing upon their several rights, or the tribunal before whom the several rights shall be asserted. The cause of action is the subject of the controversy, and that is, for all of the purposes of the action, whatever the plaintiff declares it to be in his pleading. Louisville & Nashville Rd. Co. v. Ide, 114 U. S. 53 [5 Sup. Ct. 735, 29 L. Ed. 63]; Thorn Wire Hedge Co. v. Fuller, 122 U. S. 535 [7 Sup. Ct. 1265, 30 L. Ed. 1235]; Torrence v. Shedd, 144 U. S. 527 [12 Sup. Ct. 726, 36 L. Ed. 528]."

[3] The state court cannot acquire jurisdiction over all defendants by reason of jurisdiction over one or more defendants, and each person is protected in the relation which he bears to the proceeding by the facts applicable to himself. Section 204, Rem. & Bal. Code, supra, is brought forward from section 48 of the laws of Washington Territory of 1877. The Supreme Court of the territory, in Wood v. Mastick, 2 Wash. T. 69, 3 Pac. 612, held that all actions commenced under that section must be commenced in the county or district in which the subject of the action lies. This rule has not been modified or reversed.

"Attachment suits must be brought where defendant can be found or his property located. When the debtor is a nonresident of the state, the action may be brought in any county where property may be found." 4 Cyc. 461, 462.

"If land is to be subjected, it must be in the court of that county in which the land is situated; if a debt or effects of a nonresident are to be subjected, it must be in the county in which his debtor, or the holder of his effects resides or is served with process, or in that county in which his effects are situated, if they be in the possession of no one who can be sued." Milward v. Lair, 13 B. Mon. (Ky.) 207.

"It is a rule of law, in order to give the court jurisdiction in an attachment case, there must be service on the defendant or his property, and the action must be commenced where the defendant has property, or where he can be found." Hinman v. Rushmore, 27 Ill. 509.

To the same effect: Fuller v. Langford et al., 31 Ill. 249; Huxley v. Harrold, 62 Mo. 516; Monarch Rubber Co. v. Hutchison, 82 Mo. App. 606.

[4] It is also urged that, at the time that the publication of summons was initiated, no lien by way of attachment had been created.

The record shows that the affidavit upon which the first summons for publication was predicated was filed June 19th, and the affidavit for attachment was filed on the same day, and attachment issued, but was not levied by the sheriff in Grant county until the 22d day of June. The affidavit of mailing shows that summons for publication was mailed to the Parkers and Olwells on the 19th of June. On June 25th plaintiff filed his motion for leave to amend and make Walter S. Droppers and wife parties defendant. On the same day amended affidavit of attachment was filed, and attachment issued. This was levied on the 26th day of June. On June 25th order for summons for publication was made, based upon affidavit of the same date, and summons mailed to the defendants. At the time of the filing of the affidavit for summons by publication and obtaining the order therefor, no attachment had been levied and no attachment lien had been created. The Supreme Court of Washington, in Cosh-Murray Co. v. Tuttich, 10 Wash. 450, 38 Pac. 1134, says:

"Sections 8, 9, of the new act, provide for service by publication against nonresidents having property in the state, and it must have been in the contemplation of the Legislature that in such a case an attachment would have been *issued and levied* upon the property before service of summons. * * * This is conclusive that the supposition of the Legislature was that writs of attachment would be *issued and levied* before either publication or service of summons."

From the record, I think, first, that it manifestly appears that, the cause of action being separable, the state court could not have acquired jurisdiction of the subject-matter of the controversy, which is the land, the land not being in King county, where the action was commenced; and second, that at the time of the initiating of the constructive service under the statute an attachment lien had not been created, the land not having been levied upon at the time.