### CHARROIN v. ROMORT MFG. CO. et al.

(District Court, W. D. Washington, N. D. June 29, 1916.)

No. 3256.

1. REMOVAL OF CAUSES ⬗102—JURISDICTION—FEDERAL COURTS—RIGHT TO RAISE QUESTION.

As the jurisdiction of the federal District Court is limited, and lack of jurisdiction will defeat an action whenever discovered, the court may, on its own motion, raise the question of jurisdiction and remand the action to the state court whenever it appears it is without jurisdiction.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 218–220, 223, 224; Dec. Dig. ⬗102.]

2. REMOVAL OF CAUSES ⬗25(1)—JURISDICTION—FEDERAL COURTS—DETERMINATION.

The cause of action, the subject of the controversy, is for all purposes whatever the plaintiff declares it to be in his pleadings, so, where the complaint alleged that defendants willfully conspired together to destroy plaintiff's business, and for the purpose of injuring plaintiff and as a part of the conspiracy maliciously wrote and circulated letters that the purported invention of plaintiff, for which patents was pending, was an infringement of a patent owned by one of the defendants, but no adjudication was sought with reference to letters patent or patent infringement, the action is one for conspiracy, and, no other ground of jurisdiction appearing, it could not properly be removed from the state to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 58, 59; Dec. Dig. ⬗25(1).]

At Law. Action by Frank B. Charroin against the Romort Manufacturing Company, a corporation, and others. Removed from the state court to the federal District Court. Remanded to state court on court's own motion for lack of jurisdiction.

Brown, Peringer & Thomas, of Bellingham, Wash., for plaintiff.
Raymond D. Ogden and Barnes & Barnes, all of Seattle, Wash., for defendants.

NETERER, District Judge. This action was commenced in the state court and removed to this court upon the petition of the defendants. A motion was presented, directed against the complaint, and

the issue determined by the court upon the statement of counsel and without examination of the pleadings. Amended complaint has been filed and demurrers to the amended complaint presented on behalf of the defendants. The court took this issue under advisement, and an examination of the amended complaint discloses that the plaintiff is a citizen of the state of Washington; that the defendants Romort Manufacturing Company, a corporation, and the Broadway State Bank, a corporation, are each organized under the laws of the state of Washington, and the defendants Guy Walker and L. B. Walker are officers of the Broadway State Bank. The complaint alleges that the defendants, "willfully conspired together as hereinafter set forth; that said unlawful conspiracy was entered into for the purpose of destroying the plaintiff's said business and to render assistance to the said Romort Manufacturing Company * * * and the said Broadway State Bank, through its officers, for the purpose of injuring the plaintiff in his said business and as a part of said conspiracy, willfully, fraudulently, and maliciously wrote and caused to be written certain letters; * * * that because the said defendants wrote and caused to be written the said letters, * * * and by reason thereof a large number of plaintiff's customers * * * refused to continue to purchase and sell the said 'Evertite Valve' * * * "—and then alleges damages in the sum of $25,000, and prays judgment in said sum.

The defendants in their petition for removal stated that the plaintiff in his action alleges "that he is the owner of an invention covering automatic air valves, and that an application for patent in such invention is now pending in the Patent Office, and that the letter sent out by the defendants falsely stated that the air valve called the 'Evertite Valve,' being the purported invention of the plaintiff, was an infringement of the patent owned by the defendant Romort Manufacturing Company; * * * that section 711 of the Revised Statutes of the United States vests sole jurisdiction in matters relating to patent rights in the federal courts of the United States of America, * * * " and by reason of such facts the defendants prayed removal of this cause to this court, and tendered their bond, and order or removal was duly entered.

[1] No motion to remand has been made by the plaintiff. The question of jurisdiction, however, is one which the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties. Mansfield, etc., Ry. Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. Ed. 462; Chicago, Burlington & Q. R. Co. v. Willard, 220 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521. The jurisdiction of the court is limited, and the court is powerless to determine an issue not within its jurisdiction, and lack of jurisdiction will defeat an action, even though such lack may not be discovered until the cause finally appears before the Supreme Court of the United States. In Graves v. Corbin, 132 U. S. 572, 590, 10 Sup. Ct. 196, 202 (33 L. Ed. 462), the court said:

" * * * If, in any suit removed from a state court to a Circuit Court of the United States, it shall appear to the satisfaction of said Circuit Court, at

any time after such suit has been removed thereto, that it does not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court, it shall proceed no further therein, but shall remand the suit to the court from which it was removed, as justice may require, this court has held that when it appears to this court that the case is one of which, under that provision, the Circuit Court should not have taken jurisdiction, it is the duty of this court to reverse any judgment given below, and remand the cause with costs against the party who wrongfully invoked the jurisdiction of the Circuit Court. Williams v. Nottawa, 104 U. S. 209 [26 L. Ed. 719]. This rule has been recognized by this court to the extent even of taking notice of the want of jurisdiction in the Circuit Court, although the point has not been formally raised in that court or in this court, in Turner v. Farmers' Loan & Trust Co., 106 U. S. 552, 555 [1 Sup. Ct. 519, 27 L. Ed. 273]; Mansfield, etc., Railroad v. Swan, 111 U. S. 379, 386 [4 Sup. Ct. 510, 28 L. Ed. 462]; Farmington v. Pillsbury, 114 U. S. 138, 144 [5 Sup. Ct. 807, 29 L. Ed. 114], and King Bridge Co. v. Otoe Co., 120 U. S. 225, 226 [7 Sup. Ct. 552, 30 L. Ed. 623]."

Judge Baker, in State of Indiana v. Tolleston Club of Chicago (C. C.) 53 Fed. 18, and Judge Thayer, in Barth v. Coler, 60 Fed. 466, 9 C. C. A. 81, on their own motion, remanded cases to the state court, where the lack of jurisdiction in the federal court appeared, and the same proceeding was had in Harrington v. Great Northern Ry. Co. (C. C.) 169 Fed. 714.

[2] This court said, in Wright v. Ankeny, 217 Fed. 985:

"The cause of action is the subject of the controversy, and that is for all of the purposes of the action, whatever the plaintiff declares it to be in his pleadings. Louisville & Nashville Rd. Co. v. Ide, 114 U. S. 53 [5 Sup. Ct. 735, 29 L. Ed. 63]; Thorn Wire Hedge Co. v. Fuller, 122 U. S. 535 [7 Sup. Ct. 1265, 30 L. Ed. 1235]; Torrence v. Shedd, 144 U. S. 527 [12 Sup. Ct. 726, 36 L. Ed. 528]."

And in Trana v. C., M. & P. S. Ry. Co., 228 Fed. 824:

"The cause of action is the subject of the controversy, and that is whatever the plaintiff declares it to be in his complaint and is the basis for order of removal."

And to the same effect is Deutsch v. Alaska Gastineau Mining Co., 237 Fed. 215, filed December 20, 1915.

The subject of the controversy in the instant case is conspiracy. No adjudication is sought with relation to letters patent or patent infringement. Adjudication upon letters patent is an equitable proceeding upon which the right of the letters patent is sought to be adjudicated and parties infringing enjoined. This is a law action to recover damages sustained by the plaintiff because of the conspiracy of the defendants to injure his business, the amount of which is placed by the complaint in the sum of $25,000. The fact that the business is based upon a monopoly given by the patent laws does not change the right or status of the parties. No diversity of citizenship appearing, this court has not jurisdiction, and the cause will be remanded to the state court.