### GRAY et al. v. SEATTLE & R. V. RY. CO. et al.

(District Court, W. D. Washington, N. D. January 16, 1924.)

#### No. 8106.

**Removal of causes ⟨key⟩49(3)—Cause of action held not separable.**

Where the complaint charges concurrent acts of negligence on the part of defendants, which caused the injury complained of, and for which they would be jointly and severally liable, the cause is not removable, when plaintiff and one of the defendants are citizens of the same state.

At Law. Action by Mattie O. Gray and Josephine V. Gray against the Seattle & Rainier Valley Railway Company, V. A. Schimmeyer, and C. Bruell. On motion to remand to state court. Granted.

The plaintiffs sued in the state court, alleging that the Seattle & Rainier Valley Railway Company, a corporation, in operating its street railway system in the city of Seattle on the 1st day of October, 1923, ran one of its cars into and upon one Lee Wood Gray, causing injuries which later resulted in his death, the car at the time being operated by its conductor, C. Bruell, and its motorman, V. A. Schimmeyer, who are also named defendants; that said Lee Wood Gray, upon the occasion of the accident, with due regard for his own safety, started to cross Rainier avenue, along which the defendant's railway is operated, at a stated place used for such purpose, and the defendants by their negligence in operating the car by Motorman Schimmeyer and Conductor Bruell in moving it at an unlawful rate of speed, to wit, 30 miles an hour, when under the ordinances of the city electric cars may not be operated at a speed in excess of 20 miles per hour, caused such death. It is alleged that the plaintiffs, at the time of said death, were dependent upon said decedent for their support.

Bruell appears and files a petition for removal, alleging diversity of citizenship and jurisdictional facts, and also that defendant Schimmeyer is fraudulently made a party for the purpose of preventing the removal of the cause to this court. The Seattle & Rainier Valley Railway Company also presents its petition for removal, alleging the same matter, and that no service of valid process in the above-entitled action has been made upon the defendant Bruell, who was, at the time of the institution of this suit and at the time of the verification of the petition for removal, a citizen, resident, and inhabitant of the state of Oregon, and further alleges that Schimmeyer, as plaintiffs well knew, has no property with which to satisfy any judgment that might be obtained against him and that the plaintiffs have not stated a cause of action against the defendants Schimmeyer or Bruell, and under the laws of the state of Washington have no cause of action against said defendants. Bonds were tendered by all of the movents, and order of removal entered by the state court.

The plaintiffs move to remand, and in support of their motion file an affidavit of Clarence H. Gray, in which it is alleged in substance that Schim-

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

meyer was not fraudulently made a party defendant, but because he was the motorman who had charge of the car that killed the decedent; that it was the joint and concurring act of negligence of all of the defendants that caused his death; and that Schimmeyer at the time of the injury was, and is now, a citizen of the state of Washington. Plaintiffs file a joint affidavit, in which they state that Schimmeyer is a resident and citizen of Washington and of this district, and was at the time of the injury complained of, and that Lee Wood Gray was a brother of the plaintiffs, upon whom they depended for their support.

Chas. M. Fouts, of Seattle, Wash., for plaintiff.

Donworth, Todd & Higgins, of Seattle, Wash., for defendants Seattle & R. V. Ry. Co. and Bruell.

NETERER, District Judge (after stating the facts as above). This court said, in Charroin v. Romort Mfg. Co., 236 Fed. 1011, 1012:

"The question of jurisdiction, however, is one which the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties. Mansfield, etc., Ry. Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. Ed. 462; Chicago, Burlington & Q. R. Co. v. Willard, 220 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521. The jurisdiction of the court is limited, and the court is powerless to determine an issue not within its jurisdiction, and lack of jurisdiction will defeat an action, even though such lack may not be discovered until the cause finally appears before the Supreme Court of the United States."

The complaint charges concurrent negligence on the part of the motorman and conductor and the railway company. The plaintiffs have a right to sue either or all of the parties. The fact that the defendant Schimmeyer may not be able to pay a judgment at this time does not prevent the plaintiffs from obtaining a judgment in the hope that he may be able to pay at some future time, nor can the court on this motion to remand pass upon the sufficiency of the complaint, and say that the conclusion pleaded that the deceased was the support of the plaintiffs is insufficient; in any event it would be an idle thing, in view of the record that the relation of brother and sister is sustained. Section 183—1, Rem. Comp. Stat. Wash.

The motion to remand is granted.