## MAGEE v. OREGON RY. & NAV. CO.

*(Circuit Court, D. Washington, N. D. June 9, 1891.)*

1. **EJECTION OF PASSENGERS—PLEADING—NONSUIT.**
   In a suit against a carrier of passengers to recover damages for the wrongful ejection of a passenger who claimed to have purchased a ticket for his passage, and to have tendered it, before being ejected, the plaintiff was allowed to amend his complaint, and to plead either (1) the contract, and its breach, and claim only the damages ordinarily recoverable for breach of such a contract; or (2) the tort, as the *gravamen* of his case; or (3) the contract, the breach of it, and any circumstances of aggravation in the manner of the breach, causing additional injury, as ground for claiming special damages. In an amended complaint, the third plan was adopted. On the trial the plaintiff failed to prove a contract, and, on motion for a nonsuit, *held*, that failure to prove the contract alleged was equivalent to a total failure of proof, and the motion should be granted.

2. **SAME—USE OF FORCE—LIABILITIES.**
   Where the officers of a passenger train or vessel do not act wantonly or maliciously, or unnecessarily resort to violence or use excessive force, in ejecting a traveler for non-payment of fare, though wrongfully exacted, their employers are not liable for injuries other than such as necessarily result from the wrongful exaction.

3. **SAME—REFUSAL TO PAY FARE.**
   A person traveling on a passenger boat, who neither produces a ticket good for the trip nor pays fare when called upon, and who after being informed that if he does not pay his fare he will be put ashore, and is allowed a reasonable time to deliberate, and who then suffers himself to be landed on a shore to which he is a stranger, at a point distant from any habitation, during a storm in the night, rather than pay 50 cents to complete his journey on the vessel, although possessed of ample means to pay, is without any just cause of complaint, and cannot recover damages in an action against the owner of the vessel, there being no statute forbidding the landing of a passenger at such place.

*(Syllabus by the Court.)*

At Law.

In an action to recover damages for being forcibly ejected from a passenger steam-boat, upon the trial before the court and a jury, after the introduction of evidence on the part of the plaintiff, the defendant moved

the court for a judgment of nonsuit, on the ground that the plaintiff had failed to prove his case.

*Alfred S. Black* and *E. B. Leaming,* for plaintiff.

*J. C. Haines* and *J. N. Davis,* for defendant.

HANFORD, J., (*orally.*) I have no doubt whatever that the defendant is entitled to have this motion granted. The orginal complaint filed in the case contained two counts,—the first pleading a cause of action *ex contractu,* and claiming damages for breach of contract for a passage by a line of steam-boats owned and operated by the defendant from Tacoma to Whatcom, in this state, evidenced by a ticket for such passage purchased and paid for by plaintiff; and, in the second count, pleading a cause of action *ex delicto,* and claiming damages for a tort pure and simple; both causes of action, however, depending upon the same facts, and being exactly the same transaction, stated in two different ways. Upon a motion to make the complaint definite and certain, so as to ascertain what the plaintiff claimed and what he relied on, for the purpose of simplifying the framing of issues, and to enable the parties and the court to know beforehand what rules of law would be applicable in the trial and decision of the case, I held that it was not permissible, under the system of practice here, to plead in that way, to have a complaint containing repetitions, and aiming in different directions. I stated, however, that the plaintiff had a right, in my opinion, to elect whether to proceed in this case upon the contract, relying upon the contract by itself, and claim only such damages as would be recoverable for a breach of the contract; or he might, in the second place, choose to say nothing about the contract, and recover damages for the tort, treating that as the *gravamen* of his case; or he might, in the third place, in one pleading, and setting it out as one cause of action, plead his contract, plead the breach of it, and, for the purpose of enhancing damages, plead the special facts connected with the breach of the contract, as the ground for the recovery of special damages. An amended complaint was filed, by which it appears that the plaintiff chose the third method of stating his case, and the case now, upon the amended complaint, may be termed an action to recover damages for the tortious breach of a contract. The contract, therefore, is the foundation of the case, and upon that theory the trial has proceeded. All the testimony offered has been either admitted or rejected on legal grounds. The plaintiff has rested, and, as the case is now submitted to the court, there is no contract. The foundation of the case is gone. The Code of this state, which governs the practice in cases of this kind, recognizes a distinction between causes of action *ex delicto* and causes of action *ex contractu,* and necessarily there is a difference. The rules of law to be applied in the determination of the case are entirely distinct, and therefore, notwithstanding the Code has abolished the common-law forms of action, and the refinements growing out of the observance strictly of forms, there is a difference in the law, a difference in the rights of the parties, in cases founded on contracts from those which

are founded on torts. The Code provides that a mere variance in the proof from the allegations of a complaint are not to be deemed material unless the adverse party has been misled; and it provides, further, in section 107, that where the proof does not simply show a different state of facts, but fails to prove the cause of action set out in its entire scope and meaning, there is not a mere variance, but a failure of proof. Now here the evidence does not simply vary from the facts alleged in the complaint, but, as I have said, the entire foundation of this case is gone, because there is a total failure to prove a contract. It is frankly admitted by the plaintiff's attorney that there is no contract proven in this case, and no right of recovery, based on the contract, is claimed in the argument made in opposition to this motion. So I think on that ground a judgment of nonsuit is proper in the case.

I will say further, however, that the assumption that, with proper pleadings, this plaintiff would be entitled to recover any damages for a tort on account of the misconduct charged against the defendant company in ejecting him from the steam-boat Hassalo at an improper place, considering the time of night and the state of weather, is in my opinion unwarranted. There being no statute in this state forbidding the ejection of a person from a vessel or a railroad at any place other than a regular landing place or station, I cannot assent to the doctrine that a common carrier is guilty of such a wrong as entitles the injured party to recover damages for the mere fact of ejecting a passenger, or one who is seeking to travel by means of a steam-boat or railroad, at a place other than a regular landing place or station. Certainly the law would not sanction the use of unnecessary force, even in dealing with an intruder or a trespasser; and, even if the circumstances of the intrusion or the trespass involved an attempt at crime, it would not sanction any wantonness in dealing with the offender. The master of a ship at sea has no right to take a stowaway found on his vessel, and heave him overboard in mid-ocean. But the principle which governs such cases is exactly the principle governing all cases affecting the rights of persons and their property. The owner of a house, which he uses as his dwelling, and inhabits with his family, has a right to the quiet, exclusive, and undisturbed possession thereof. He can exclude an intruder, but he has no right to kill him unless it is necessary to do so. The rule of necessity is the rule of law, limiting the right to use force. All that the law forbids is that there shall be no wantonness or malicious conduct on the part of common carriers, or unnecessary injury done, in removing persons who have no right to travel by their conveyances. I think, too, that even in cases where a person claiming a right to travel founded upon a contract, where he is in the right, is required to act with common prudence, and to submit to the exaction, even though wrongful, of the officers in charge of steam-boats and trains, when they are able to do so, and rely upon an appeal to the superior officers of those who thus treat them wrongfully for redress of their wrongs; and, if they fail to get it by such effort, then to go to the courts of the country for redress of

any wrong or imposition which they may have suffered during a journey, so that a person who is able to pay his fare twice should pay twice if it is exacted, rather than suffer unnecessarily the humiliation and other consequent injuries of being ejected, and then claim enhanced damages by reason of peculiar suffering from the ejection. Of course it is not the duty of a person to submit to any personal violence or to receive blows in that situation any more than if not on board a train or steamboat. Passengers during a journey have the same right as at other times to defend their persons. What I mean is that they have no right, when they are put to an election to pay fare or suffer an ejection, having the ability to pay the fare, to elect to be ejected, and then claim additional compensation for that part of the injury which could not result from the wrong, otherwise than by choice of the injured. So long as the officers of a passenger train or vessel do not act wantonly or maliciously, or unnecessarily resort to violence or use excessive force, in ejecting a traveler for non-payment of fare wrongfully exacted, their employers should not be held liable for injuries other than such as necessarily result from the wrongful exaction. The officers of this steam-boat found the plaintiff on board the steamer, traveling from Tacoma to Seattle. They demanded of him that he should produce a ticket good for the passage, or pay his fare. He did neither. They explained the matter to him fully, what their rights were, as they claimed, and what their duties were. They explained to him what would be the consequences to him of persisting in his refusal. They gave him every opportunity to make up his mind as to which he would do, gave him time to deliberate, and after deliberation he chose to suffer himself to be removed from the steam-boat, and landed on the shore of Puget sound, in a spot where he was unacquainted, on a stormy night, and distant from any habitation, rather than pay the sum of 50 cents to be carried to Seattle, when he had plenty of money in his pocket, and he could have paid it if he had chosen to do so; and, having received just the treatment that he chose, he is without any just cause of complaint in a legal sense, and therefore this motion for a judgment of nonsuit will be granted on that ground, as well as for the other reason which I have stated.