### FERGASON v. CHICAGO, M. & ST. P. RY. CO. et al.

#### (Circuit Court, N. D. Iowa, W. D. October 11, 1894.)

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—WHAT CONSTITUTES.

In an action by a switchman against a railroad company, S., and P. for personal injuries sustained by being run over by the company's switch engine, the petition alleged that the engine was improperly constructed; that after plaintiff fell on the track, having been thrown down in an effort to step on the defective footboard, he was pushed along the track; and that such company, together with the engineer, S., and yard master, P., were negligent in that they did not keep a proper lookout, and did not heed plaintiff's signals to stop. *Held*, that such petition contained two distinct, separable causes of action.

This was an action by George W. Fergason against the Chicago, Milwaukee & St. Paul Railway Company, John Smith, and D. W. Pollard for personal injuries. Plaintiff moved to remand the case to the state court, where it originated. Motion overruled.

Argo, McDuffie & Argo, for plaintiff.
Taylor, Shull & Farnsworth, for defendants.

SHIRAS, District Judge. The questions arising upon the motion to remand this case to the state court, where it originated, grow out of the following facts: The plaintiff, George W. Fergason, on the 21st day of December, 1892, was in the employ of the Chicago, Milwaukee & St. Paul Railway Company, engaged in the business of switching in the yards of the company at Sioux City, Iowa. On the day named he was run over by a switch engine in the yard of the company, resulting in the loss of his leg. To recover damages for this injury he brought suit in the district court of Woodbury county, Iowa, against the railway company, which action was removed into this court by the railway company, and on the 1st day of June, 1894, the case came on for trial before the court and jury. At the conclusion of the plaintiff's testimony the court intimated that his evidence showed that he himself was responsible for the accident, and thereupon the plaintiff dismissed the action without prejudice, and then instituted the present suit in the district court of Woodbury county, naming as defendants therein the railway company, John Smith, the engineer in charge of the engine, and D. W. Pollard, the yard master. The railway company thereupon filed a petition for the removal of the case into this court, upon the ground that it was a corporation created under the laws of the state of Wisconsin; that the plaintiff was a citizen of Iowa; that the suit was for $20,000; and that it involved a separable controversy existing between the plaintiff and the railway company, and hence was removable, even though the defendants Smith and Pollard were citizens of Iowa, and therefore cocitizens with plaintiff. The state court granted the order of removal, and, the transcript having been filed in this court, the plaintiff moves to remand on the ground that this court is without jurisdiction.

The question to be determined is whether the petition sets forth a cause of action existing solely between the plaintiff and the rail-

way company, and which is separable from the cause of action
alleged against the defendants Smith and Pollard, so as to bring
it within the third clause of section 2 of the act of August 13, 1888,
which enacts that "when in any suit, mentioned in this section,
there shall be a controversy which is wholly between citizens
of different states, and which can be fully determined as between
them, then either one or more of the defendants actually interested
in such controversy may remove, said suit into the circuit court
of the United States for the proper district." Under this clause of
the statute regard is had solely to the cause or causes of action de-
clared upon and set forth by the plaintiff in his petition or declara-
tion. By the rulings of the supreme court in Ayres v. Wiswall,
112 U. S. 187, 5 Sup. Ct. 90; Railroad Co. v. Ide, 114 U. S. 52, 5
Sup. Ct. 735; Pirie v. Tvedt, 115 U. S. 41, 5 Sup. Ct. 1034, 1161;
Starin v. City of New York, 115 U. S. 248, 6 Sup. Ct. 28; Sloane v.
Anderson, 117 U. S. 275, 6 Sup. Ct. 730; Safe-Deposit Co. v.
Huntington, 117 U. S. 280, 6 Sup. Ct. 733; Plymouth Consol. Gold
Min. Co. v. Amador & S. Canal Co., 118 U. S. 264, 6 Sup. Ct. 1034,—
and other cases based thereon, it is well settled that the question
of the existence of a separable, removable controversy is to be de-
termined upon consideration of the allegations of the petition;
that the defendants, by separate answers or defenses, cannot create
a separable controversy, within the meaning of the statute, out of
a cause of action upon which the plaintiff has declared jointly; and
therefore the true query is whether the case as made and set forth
in the petition or declaration of the plaintiff is or is not separable
into parts, "so that in one of the parts a controversy will be pre-
sented with citizens of one or more states on one side and citizens
of different states on the other, which can be fully determined
without the presence of the other parties to the suit as it has been
begun." Ayres v. Wiswall, 112 U. S. 187, 5 Sup. Ct. 90. If the
plaintiff in fact counts or declares upon one cause of action, and
no more, then the case cannot contain a separable controversy.
If, however, the petition in fact contains more than one cause of
action, then a separable controversy exists; and, if the requisite
diversity of citizenship exists between the adversary parties thereto,
a ground for removal may thus be shown. Examining the petition
filed in this case, we find it sets forth that the engine used in
switching in the Sioux City yards, and under which the plaintiff
was thrown, was improperly constructed and equipped, it being
averred "that it was the duty of the defendant company to fur-
nish an engine for doing said work so constructed with sloping
sides and top, and of such width, that the servants of the defend-
ant other than the plaintiff could readily see the plaintiff as he
might step upon said board, or while riding thereon in the dis-
charge of his duties, as well as the track in front of said engine,
and so the defendant might have done with the exercise of ordinary
care and caution." It is also averred that the engine was not built
for switching purposes, but was a road engine, and that the foot-
board placed in front thereof had not a railing or hand-catch placed
above it, and that it had been permitted to become covered with ice
or snow.

It is also averred that after the plaintiff had fallen upon the track,—having slipped and been thrown down in an effort to step upon the footboard of the engine while it was in motion,—he was pushed along the track for some distance, and that the defendant company, together with the engineer, Smith, and yard master, Pollard, were negligent in that they did not keep a proper lookout, did not heed plaintiff's signals to stop, nor promptly halt the engine in time to prevent injury to the plaintiff. Does this petition declare upon a single joint cause of action against all the defendants, or does it contain two distinct causes of action? If a person fails to perform a duty which the law imposes upon him, and as a consequence of such failure an injury is caused to the person or property of another, to whom the duty of performance was due, then a right to maintain an action arises in favor of the injured party. In this sense of the word, and as against the wrongdoer, the cause of action is the failure to perform the legal obligation. It is clear, in the present case, that the plaintiff counts upon the legal duty of the railway company to furnish for the use of its servants machinery and appliances properly constructed and equipped, and avers as a breach of this legal duty that the engine was not built for switching purposes, and was not properly equipped with railings, catch-rods, etc. If the company had come short of its duty in this respect, and the plaintiff suffered injury by reason thereof, then a right of action existed in favor of plaintiff, based upon the cause named, to wit, the failure of the master, in the performance of its duty, to furnish proper machinery and appliances for the use of its employés. The petition does not, nor could it rightfully, charge the engineer or yard master with this duty, and with the consequence of a breach thereof. These men were but coservants with the plaintiff, and were under no legal obligation to furnish any machinery for his use. It is certainly clear that if the plaintiff had sued the engineer or yard master alone, and had based his action upon the averment that the engine was not properly equipped, he could not recover, because it could not be shown that they were under any legal obligation to furnish a safely-equipped engine for his use. That was the obligation of the master, and not of the coservant. The petition in fact counts upon two causes of action,—one, the failure to furnish a properly equipped switch engine; the other, negligence in the handling of the engine after plaintiff had been thrown upon the track. The first cause named exists only against the railway company, and is wholly distinct from the second cause of action. If it be true that the engine was not properly constructed, and was lacking in appliances needed for the safety of the men employed thereon, then this breach of duty existed from the time the engine was put to work as a switch engine; and thus a cause of action existed against the company from that time, which would ripen into a right of action in favor of an employé whenever such employé received injury by reason thereof. The cause of action for the negligent handling of the engine and failure to exercise a proper lookout did not arise and was not in existence until the parties in charge of the engine

undertook to move the engine along the track upon which plaintiff was injured. The first cause of action is based upon alleged negligence of the master in failing to furnish proper machinery; the second, upon alleged negligence of the coservants of the plaintiff in the handling of the engine. Under the rules of the common law, the first is a cause of action against the railway company, but the second is not. The first cause is therefore based upon the legal duty, imposed by the common law upon the master, but not upon the employés, of furnishing safe machinery for the use of its servants, whereas the second cause, so far as the railway is concerned, is based upon the statute of Iowa, which makes the railway company liable, under given circumstances, for the negligence of its servants resulting in injury to a coemployé. It seems clear, therefore, that this suit is clearly separable into parts, and in fact, upon the trial, must be so separated; and that, when thus separated, there is presented a controversy between the plaintiff and the railway company over the question whether the engine used for switching purposes in the yard at Sioux City was or was not properly constructed and equipped, and to this controversy the defendants Smith and Pollard are not parties. If this be true, then, as the suit involves a controversy wholly between citizens of different states, it was properly removed by the defendant company, and the motion to remand must be overruled.