### EVANS v. SIOUX CITY SERVICE CO. et al.

(District Court, N. D. Iowa, W. D. August 18, 1913.)

No. 29, Law.

1. REMOVAL OF CAUSES (§ 107*)—PROCEEDINGS FOR REMAND—BURDEN OF PROOF.
   Where a foreign corporation removed an action for personal injuries to the federal court, alleging that the plaintiff fraudulently joined resident individuals for the purpose of preventing the removal, and the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff, in a motion to remand, denied the allegations of fraud, the burden of proving fraudulent joinder is upon the foreign corporation.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–232, 234; Dec. Dig. § 107.*]

2. REMOVAL OF CAUSES (§ 107*)—PROCEEDINGS FOR REMAND—ISSUES.

Where a motion to remand, which includes a denial by the plaintiff of the defendant foreign corporation's allegation that a resident was fraudulently joined as defendant to prevent a removal to the federal court, is submitted on the pleadings, the only question presented is whether the plaintiff's petition in the action states a joint cause of action against both defendants.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–232, 234; Dec. Dig. § 107.*]

3. REMOVAL OF CAUSES (§ 36*)—GROUNDS—FRAUDULENT JOINDER OF PARTIES.

The fact that a person, injured by a street car, had dismissed a former action against the company, a foreign corporation, and its motorman, upon failing to obtain service upon the motorman, and thereafter instituted an action against the company and its motorman and conductor, does not prove that the plaintiff fraudulently joined the conductor and motorman in order to prevent a removal of the case to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*]

4. REMOVAL OF CAUSES (§ 47*)—INJURIES TO PERSON ON TRACK—VIOLATION OF ORDINANCE—JOINT LIABILITY.

A petition for personal injuries, which alleged that a foreign corporation and its resident conductor negligently operated a street car, which was not equipped with a fender, as required by ordinance, alleges joint negligence on the part of the conductor and the company, even though the former was under no duty to equip the car with a fender.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 92; Dec. Dig. § 47.*]

At Law. Action by Lavina B. Evans, administratrix, against the Sioux City Service Company and others. On motion of the plaintiff to remand the cause to the state court. Motion granted.

E. M. Corbett and Edwin J. Stason, both of Sioux City, Iowa, for plaintiff.

J. L. Kennedy and J. P. Shoup, both of Sioux City, Iowa, for defendants.

REED, District Judge. This action was commenced in the state court by the plaintiff, as administratrix of the estate of Lewis Frank Evans, to recover damages of the defendants for their alleged joint negligence in causing the death of plaintiff's intestate. The Sioux City Service Company, a New Jersey corporation, in due time removed the cause to this court, upon the ground of a separable controversy between it and the plaintiff, and the diverse citizenship of said parties, and that the defendant Thompson, a citizen of Iowa, of which state the plaintiff is also a citizen, was fraudulently joined as a defendant with it to prevent it from removing the cause to this court. The plaintiff moves to remand.

The original petition of the plaintiff alleges that the defendant Hay was motorman, and defendant Thompson the conductor in charge, of a street car in Sioux City, Iowa, operated by the defendant Sioux

City Service Company upon its tracks in that city, and that Thompson as such conductor, and said Sioux City Service Company jointly operated said car at a negligently high and dangerous rate of speed, without giving any warning of the approach of said car, and by such joint negligence and wrongful acts caused the death of plaintiff's intestate as he was about to board the car as a passenger. No notice or summons has been served upon the defendant Hay, and he has not appeared to the action. He will not, therefore, be considered as a party to the action.

The original petition plainly enough alleges the joint and concurring negligence of the Sioux City Service Company and Thompson as the conductor in charge of the car which caused the death of plaintiff's intestate. By an amendment to the petition the plaintiff added to the paragraph so charging such joint negligence the following:

"And in negligently, carelessly, and illegally operating the said car without maintaining on the front end thereof a properly constructed fender, one so constructed and attached as * * * to fully protect persons from injury who are on or near the street railway tracks, over which defendants were operating said car, and in violation of an ordinance of the city of Sioux City requiring fenders for such cars."

This averment so added to the original paragraph of the petition charges both Thompson and the Sioux City Service Company jointly with negligence in operating the car at a high and dangerous rate of speed, and without a fender, as required by the Sioux City ordinance. The ordinance is not attached as a part of the plaintiff petition.

The petition for removal, filed after the amendment to the petition was made, alleges specifically and with much detail that the alleged joint cause of action against defendant Thompson is false and fictitious, known by the plaintiff to be so, and that it was made without any intention of proving the same, and for the express purpose of preventing the corporate defendant from removing the cause to this court. These allegations of the petition for removal are denied by the plaintiff, and the joint negligence of both the defendant Thompson and the corporate defendant, as alleged in the original petition and amendment thereto, are reiterated, and alleged to have been made in good faith. No proof was taken or submitted by the removing defendant in support of its allegations of the fraudulent joinder with it of the defendant Thompson, except that attached to the petition for removal is a copy of a former petition filed by the plaintiff in the state court against the removing defendant and the defendant Hay as its motorman, in which it is alleged that both said defendants were jointly negligent in operating the car, which caused the death of plaintiff's intestate, and the record of the state court showing the dismissal of such petition by the plaintiff upon the filing by the corporate defendant of a petition to remove the cause to the federal court. The motion to remand this cause is submitted upon the petition of the plaintiff in this suit, the petition for removal by the corporate defendant, with the copy of the petition and record of the former suit in the state court attached, and the present motion to remand.

[1, 2] It was incumbent upon the corporate defendant to establish

in this court its allegations of the fraudulent joinder of the defendant Thompson with it for the purpose of preventing the removal, upon the denial by plaintiff of the allegations of the petition for removal charging such fraudulent joinder. McGuire v. Great Northern Ry. Co. (C. C.) 153 Fed. 434. And the submission of the motion to remand upon the pleadings, including such denial by the plaintiff, presents only a question of law arising upon the face of the record as to whether or not the petition of the plaintiff as amended states a joint cause of action against both the corporate defendant and the defendant Thompson. That it does so is not doubted.

[3] Nor does the fact that plaintiff dismissed her former petition against the corporate defendant and its motorman, Hay (who was named as a defendant in that suit, but was not served with notice thereof), when a petition for removal of that suit was filed, establish fraudulent conduct upon her part in making the defendant Thompson a joint party defendant to this suit. It was her legal right to bring suit in the state court against all or any of the defendants who were jointly liable to her for causing the death of her intestate (Powers v. C. & O. Ry. Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673), and her motive in exercising that right cannot be impugned or rightly held to be fraudulent upon her part (C. & O. Ry. Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121; Illinois Central R. R. Co. v. Sheegog, 215 U. S. 308, 30 Sup. Ct. 101, 54 L. Ed. 208).

[4] It is said in behalf of the removing defendant that the allegation of the amendment to the petition "that the car was being operated without a proper fender" fails to show any duty resting upon the conductor, Thompson, to equip such car with a fender, or that his failure to do so was negligence upon his part; that that was the duty of the Service Company alone, and its failure to do so its negligence alone. But the allegation of the plaintiff's petition is that both defendants operated the car without such fender, regardless of whose duty it was to equip the car therewith. Whether or not the plaintiff can establish such allegation alone as a ground of joint negligence against both defendants will not be determined upon the motion to remand. She has the right to make the charge in connection with the other allegations of joint negligence, and prove it if she can; and the charge is so made in connection with the other allegations of the joint neglect of both defendants that it cannot be separated and alone rightly held to show a separable controversy between the plaintiff and the removing defendant. See Southern Ry. Co. v. Carson, 194 U. S. 136, 24 Sup. Ct. 609, 48 L. Ed. 907.

The motion to remand must therefore be sustained, and the cause remanded to the state court. It is so ordered.