TRANA et ux. v. CHICAGO, M. & P. S. RY. CO. et al.

MARSTON v. SAME.

(District Court, W. D. Washington, N. D. December, 1915.)

Nos. 3087, 3088.

1. REMOVAL OF CAUSES ☞61—DETERMINATION OF RIGHT OF REMOVAL.
   In determining whether a suit is removable to a federal court, the cause of action is the subject of the controversy, and is whatever plaintiff declares it to be in his complaint; but where fraudulent joinder is charged, and issue is taken upon the charge made in the petition, the issues thus raised form the basis for determining the removability of the suit.
   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 115; Dec. Dig. ☞61.]

2. REMOVAL OF CAUSES ☞107—DETERMINATION OF RIGHT OF REMOVAL.
   When, in a suit sought to be removed to a federal court, fraudulent joinder of defendants is charged, and issue is taken upon the charge made in the petition, the issue must be determined by the federal court.
   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–232, 234; Dec. Dig. ☞107.]

3. REMOVAL OF CAUSES ☞49—SEPARABLE CONTROVERSIES—JOINT OR SEVERAL CAUSES OF ACTION.
   Rem. & Bal. Code Wash. § 296, provides that plaintiff may unite several causes of action when they all arise out of contract, express or implied, or injuries, with or without force, to the person, etc. Rev. St. § 914 (Comp. St. 1913, § 1537), provides that the practice, pleadings, and forms and modes of proceeding in civil causes shall conform as near as may be to the practice, etc., in the state courts. In an action against a Washington railroad corporation for the death of a person to whom such corporation sustained no contractual relation, plaintiff joined as defendant

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a foreign corporation which, more than six months after the death, as part of a transfer of the Washington corporation's properties to the foreign corporation, assumed and agreed to pay all existing valid claims and demands against the Washington corporation. *Held*, that the liability of the foreign corporation was ex contractu, while the liability of the domestic corporation, if any, was ex delicto, and the liability of the two corporations did not raise out of the same transaction, and the two causes of action therefore could not be joined.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 95–99; Dec. Dig. ☞49.]

At Law. Two actions, by T. C. Trana and wife and by W. D. Marston, as administrator of Alice Jessie Marston, deceased, against the Chicago, Milwaukee & Puget Sound Railway Company and another. On petition for rehearing of motion to remand. Motion to remand denied.

Arthur E. Griffin, Arthur R. Griffin, and William W. Montgomery, all of Seattle, Wash., for plaintiffs.

George W. Korte and C. H. Hanford, both of Seattle, Wash., for defendant.

NETERER, District Judge. The issues presented in these cases on the motion to remand to the state court rest upon the same facts. The plaintiff in each case has elected to sue the defendant jointly for a tort resulting in injury and death. Upon the face of the complaint, which was the only pleading on file at the time the petition for removal was filed, there is no separable controversy, and the causes not removable upon that ground, under C., B. & Q. Ry. Co. v. Willard, 200 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521, and Bradshaw v. Bowden (D. C.) 226 Fed. 323. The Washington corporation did not appear in the state court. The Chicago, Milwaukee & St. Paul Railway Company, in its petition for removal, alleges fraudulent joinder in this: That it neither owned any part of the lines nor had control of any of the employés, and had no connection whatever with the road, and that such fact was known to the plaintiff. The plaintiff, replying to this petition in its motion to remand, contends there is no fraudulent joinder, and supports this by affidavit in which reference is made to a transfer by deed by the defendant Chicago, Milwaukee & Puget Sound Railway Company to the Chicago, Milwaukee & St. Paul Railway Company of its properties, including the right of way in question, and that in this conveyance, and as a part of the consideration of it, the Chicago, Milwaukee & St. Paul Railway Company agreed to pay all existing valid claims and demands against the local road. An order to remand was directed. A petition for rehearing has been presented, in which it is strongly urged that the liability of the petitioner is contractual, while the complaint is predicated upon tort, and that the two cannot be joined.

[1, 2] The cause of action is the subject of the controversy, and that is whatever the plaintiff declares it to be in his complaint and is the basis for order of removal. But where it is charged in the petition for removal that persons are fraudulently joined as parties defendant for the purpose of denying to the petitioner the right of re-

moval to the federal forum, and issue is taken upon this charge, the issue thus raised forms the basis which determines the forum in which the cause should be tried. If no issue is taken of the charge made, then the allegations stand as confessed: Bradshaw v. Bowden et al., supra. If issue is taken, then that issue must be determined by this court.

[3] The petitioner, replying to the affidavit of the plaintiff with relation to the assumption of all existing valid claims and demands against the local road, sets out a complete copy of the transfer, in which appears the following:

"The party of the second part [petitioner] hereby further covenants and agrees, by its proper officers hereunto duly authorized, to execute and cause to be recorded an indenture with the trustees of such indenture of mortgage and deed of trust, satisfactory to said trustees, whereby the party of the second part shall effectually assume the due and punctual payment of the principal of and interest upon said bonds, and the performance of all of the covenants and conditions of said indenture of mortgage and deed of trust. The party of the second part hereby assumes and agrees to pay all other existing valid claims and demands against the party of the first part, by whomsoever held, except claims and demands incurred for and on account of any of the purposes specified in said indenture of mortgage and deed of trust for which bonds may be issued, certified, and delivered thereunder, and except such claims and demands as the party of the second part now has or may hereafter have against the party of the first part on account of money loaned or advanced or hereafter loaned or advanced by the party of the second part to the party of the first part and by it used or expended for or on account of any of the purposes specified in said indenture of mortgage and deed of trust for which bonds may be issued, certified, and delivered hereunder; the party of the second part hereby reserving the right to be reimbursed in bonds issued or to be issued under such indenture of mortgage and deed of trust for the amounts so advanced and expended."

A careful analysis of the issue which has been raised leads to the conclusion that the direction to remand was erroneous. The contention of the plaintiffs that the several causes of action arise out of the same transaction and may be united, Harding v. Ostrander Timber Co., 64 Wash. 224, 116 Pac. 635, cannot be sustained. While the complaint discloses but one cause of action, a joint tort, the proofs taken upon the issue raised by the petition for removal, charging fraudulent joinder, show that the charge against the local defendant is for injury occasioned on July 10, 1912, causing death, and the liability, if any, of the petitioning defendant because of assumption of "valid claims" against the local defendant is because of the provisions of the deed of transfer, excerpts of which are set out, which deed is dated December 24, 1912, more than six months after the liability, if any, from the local defendant to the plaintiff, had been created, and there is no contractual relation, implied or otherwise, shown to have existed between the local defendant and deceased. Clearly, the liability of the nonresident petitioning defendant, if any, did not arise out of the same transaction as the alleged liability of the local defendant, and the cause of action against the local defendant, if any, is ex delicto, whereas the liability, if any, of the foreign petitioning defendant is ex contractu. That being so, under the Washington statute (section 296, Rem. & Bal.), the two actions cannot be joined (Clark v. Great Northern Ry. Co., 31 Wash. 658, 72 Pac. 477; Sanders v.

Stimson Mill Co., 34 Wash. 357, 75 Pac. 974); and under section 914 of the Revised Statutes, in actions of this character, the rules of pleading observed in the courts of the state are followed (O'Connell v. Reed, 56 Fed. 531, 5 C. C. A. 586; Magee v. Ore. Ry. & Nav. Co. [C. C.] 46 Fed. 734).

The motion to remand is denied.