DEUTSCH v. ALASKA GASTINEAU MINING CO. et al.

(District Court, W. D. Washington, N. D. December 20, 1915.)

No. 3091.

1. REMOVAL OF CAUSES ⬡49(3)—SEPARABLE CONTROVERSIES—WHAT CONSTITUTES SEPARABLE CONTROVERSY.

In a servant's action against a master and vice principal or general foreman, financially interested in the work being done, for injuries received through the negligence of the master and vice principal, there is no separable controversy, the tort being a joint one, and where the servant and vice principal were residents of the same state, the master,

though a resident of another state, has no right to remove the cause to the federal courts on the ground of a separable controversy.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 97; Dec. Dig. ⊚⇒49(3).]

2. REMOVAL OF CAUSES ⊚⇒61—RIGHT TO REMOVAL—FRAUDULENT JOINDER.
While the cause of action, the subject-matter of the controversy, is whatever plaintiff declares it to be in his complaint, nevertheless, where a fraudulent joinder of a party defendant to defeat the right of removal to the federal court is charged in the petition for removal, that issue forms the basis upon which the proper forum is to be determined.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 115; Dec. Dig. ⊚⇒61.]

3. REMOVAL OF CAUSES ⊚⇒36—FRAUDULENT JOINDER OF DEFENDANTS—WHAT CONSTITUTES.
For a servant of a mining company, who sued in a state court for injuries by the detonation of an unexploded charge of dynamite to join the master's vice principal with the master on the theory that the vice principal, who was financially interested in the work was reckless and negligent, does not show a fraudulent joinder intended to defeat the jurisdiction of the federal court, though the vice principal was a citizen of the same state as the servant and the master was a citizen of another state, there being such a relation between the master and vice principal as would make the tort a joint one.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. ⊚⇒36.]

4. REMOVAL OF CAUSES ⊚⇒36—RIGHT TO REMOVAL—MATTERS TO BE DETERMINED.
In determining the right of a defendant, charged with a joint tort, to remove the cause to the federal court, on the ground that the joinder with his codefendant was fraudulent, the questions of defendant's liability, or the sufficiency of the pleadings to show liability, cannot be decided; those being matters for the trial court, and not affecting the right of removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. ⊚⇒36.]

At Law. Action by George Deutsch against the Alaska Gastineau Mining Company and Pat O'Neill, which was removed from the state court. On motion to remand. Motion granted.

John T. Casey and R. J. Boryer, both of Seattle, Wash., for plaintiff.

Ralph S. Pierce, of Seattle, Wash., for defendants.

NETERER, District Judge. This is an action to remand to the state court an action removed to this court upon the grounds of separable controversy and fraudulent joinder. The complaint, in substance, alleges:

That the defendant company is "a corporation having and maintaining an office in Seattle, * *, * Wash., and authorized to do business and doing business in said state and in the territory of Alaska, among other things as a mining and railroading concern, and said defendant corporation owns and operates mining property and quartz mines and smelters * * * about Juneau, Alaska, * * * and the defendant Pat H. O'Neill was interested in the work being done by bonuses and otherwise, and was engaged with said defendant corporation in digging and driving a tunnel for the construction of a railroad, * * * and said defendant Pat H. O'Neill is a

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

resident of Seattle, * * * Wash., and at said time plaintiff was in the employ of the defendants as a laborer in said tunnel. That on said 16th day of July, 1913, plaintiff had been in said employ * * * for a short time only, and was not an experienced miner. * * * The defendants, in disregard and neglect of their duty, furnished * * * an unsafe and dangerous place, and caused the said place to be charged with frozen, unexploded, concealed flasks of powder and dynamite in and about the place where plaintiff was directed to work, and the defendants employed and retained one Pat Miller, with extraordinary powers, to wit, full and complete powers of superintendence as defendants' foreman, superintendent, or representative at such time and place, whose orders plaintiff was bound to obey, and said Miller was a careless, incompetent, and inexperienced man for such work, which was known, or should have been known, to the defendants. * * * And the defendants failed to give plaintiff any notice or warning of such dangerous condition, but, on the contrary, said Pat Miller, on behalf of defendants, assured plaintiff that there were no missed holes in the face of said tunnel, and that the place was safe and free from danger, and then on behalf of defendants ordered and directed plaintiff to work about said dangerous place, where defective caps and rotten and broken fuse had been used, and had failed to explode the charges of powder and dynamite used therein. * * * And defendants, through Pat Miller, knew * * * of the presence of such concealed, unexploded, and deadly charges of powder. * * * "

It is further alleged:

That defendants failed to have adequate ventilation of said tunnel, and failed to adopt proper rules or regulations for work therein, "but said O'Neill, on behalf of himself and codefendant, negligently and recklessly caused too many shots to be put in the breast of such tunnel, and cut and used pieces of fuse that were too short, so that the number of shots could not be correctly counted, so as to know if they were any missed holes, and then hurried plaintiff * * * back to work too soon thereafter, before the smoke and gases were cleared from the place, and before any missed holes could be seen, and said O'Neill directed said Miller to rush the work, and that, if men fell over from suffocation, to get fresh men, and plaintiff, believing said place was safe, from the assurances of the defendants as aforesaid, their officers and agents, started to work in said tunnel, * * * and * * * while plaintiff was so at work * * * an unexploded charge or blast of dynamite or powder * * * went off and exploded against and upon the plaintiff, when the same was drilled into * * * by and under the direction of defendants, acting through said Miller, * * * " and caused plaintiff's injuries.

The petition for removal alleges:

That there is a controversy wholly between citizens of different states, the defendant corporation being a citizen of the state of New York, doing business in Alaska. That the plaintiff is a resident of the state of Washington. "That plaintiff has fraudulently joined Pat H. O'Neill, who is alleged to be a citizen and resident of the state of Washington, for the sole purpose of defeating the jurisdiction of this court." "That said Pat H. O'Neill did not in any manner or degree contribute to the injury to the plaintiff, through his own negligence, or through any joint negligence with the petitioner. That no duty devolved upon Pat H. O'Neill to furnish plaintiff with a safe place to work, or to furnish plaintiff with appliances and explosives used in said work, or to ventilate said tunnel." That said O'Neill was not in the tunnel. That said O'Neill was not entitled to any bonus whatsoever, and did not receive any bonuses. That the attorney for plaintiff had heretofore instituted actions against this defendant for other parties, but in none of those actions was said O'Neill made a defendant.

[1-4] Issue is taken to the facts stated in the petition for removal. Both sides have presented to the court affidavits in support of the issues thus tendered. The complaint seems to have been drafted upon

the theory that the defendant O'Neill is liable as a principal by reason of joint interest with the defendant company in the construction of the work, as the complaint specifically states that the direct cause of the injury was the direction given by Pat Miller, who it is alleged was incompetent, to enter the tunnel and resume the work before the tunnel was cleared of smoke, so as to enable the plaintiff to see any unexploded blasts; the plaintiff being assured by Miller that the tunnel was safe. The manner and method of constructing the tunnel, it was shown, was determined by the engineering department of the defendant company, as was likewise the means of ventilating the tunnel. It is shown that O'Neill had no voice in the purchase of materials used in the construction of the tunnel or explosives, caps or batteries. O'Neill was charged with the duty of a general foreman over all crews in the tunnel covering all shifts, and to report the progress of the work and condition of the tunnel to the manager, and in the performance of such duties would be a vice principal, and would bind the defendant company as well as himself for any wrongful or negligent act done within the scope of his employment.

The citizenship of the defendant O'Neill does not seem to be challenged in the petition for removal, and the issue must therefore be determined upon the question of separable controversy or fraudulent joinder. There is no separable controversy, and the cause is not removable upon that ground. C., B. & Q. v. Willard, 220 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521; Bradshaw v. Bowden, 226 Fed. 323. The cause of action is the subject-matter of the controversy, and that is, for the purpose of the suit, whatever the plaintiff declares it to be in his complaint. Pirie v. Tvedt, 115 U. S. 41, 43, 5 Sup. Ct. 1034, 1161, 29 L. Ed. 331; Sloane v. Anderson, 117 U. S. 275, 6 Sup. Ct. 730, 29 L. Ed. 899; Little v. Giles, 118 U. S. 596, 600, 601, 7 Sup. Ct. 32, 30 L. Ed. 269; Louisville & Nashville R. R. Co. v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203, 33 L. Ed. 473; Torrence v. Shedd, 144 U. S. 527, 530, 12 Sup. Ct. 726, 36 L. Ed. 528; Connell v. Smiley, 156 U. S. 335, 340, 15 Sup. Ct. 353, 39 L. Ed. 443. But where fraudulent joinder is charged in the petition, for the purpose of denying the petitioner the right of the federal court, and issue is taken by plaintiff upon the charge made in the petition, the issue thus raised forms the basis upon which the proper forum is to be determined. Trana v. C., M. & St. P. Ry. et al. (Nos. 3087 and 3088) 228 Fed. 824, filed in this court December 2, 1915.

Issue having been taken upon the charge of fraudulent joinder, and affidavits being submitted by the respective parties, that issue must be determined by this court. The action is for an alleged joint tort, and is therefore not removable because of a separable controversy. Nor do I think that the facts disclosed by the record show that there was a fraudulent joinder. The proofs show that O'Neill was general foreman and in a position of responsibility, and the established facts, together with the statements in the complaint, if true, show a legal liability. O'Neill owed a duty to plaintiff, as well as did his employer, and it is through his negligence that it is sought to hold the defendant company. Whether the facts are properly pleaded, or sufficiently

pleaded, is not for this court to determine upon this hearing. Nor is it for this court in this proceeding, to determine the truth of the statements as to liability; that is for the trial court. The plaintiff may be in error in respect to both facts and law, but fraud cannot be predicated upon his mistaken conclusions. Where sufficient facts appear to disclose a relation upon which to predicate a joint tort, the court cannot conclude that the joinder was fraudulent because of many other facts appearing in the case which would have bearing upon the issue with relation to the joint liability, where admitted facts appear which show that the relation exists from which would flow a joint liability, if the contention of the plaintiff is true, and facts are made to appear in the determination of the issue presented which would preclude this court from finding that there was no liability. In this conclusion, I have in mind, also, the apparent contradictory statements appearing in the complaint with relation to the issue sought to be tendered bv the complaint.

The motion is granted.