12082.  ATLANTIC COAST LINE RAILROAD CO. *v.*
RENFROE.

An action brought in a State court by a resident plaintiff against a non-resident railroad company and an engineer of the company who was a resident of the State of Georgia, jointly, to recover damages in excess of $3,000 on account of alleged personal injuries to the plaintiff, involves no separable controversy between the plaintiff and the non-resident defendant, entitling the latter to remove the cause on that

ground to the Federal court, where the petition states a prima facie case of joint and concurrent liability against both of the defendants. *Louisville & Nashville Railroad Co.* v. *Roberts*, 136 *Ga.* 270 (71 S. E. 425).

2. The petition clearly charged that the resident defendant, the engineer of the railroad company, was jointly liable with the company. There was therefore no merit in the ground of the petition for removal to the Federal court, alleging that the engineer was fraudulently joined with the railroad company for the purpose of defeating its right of removal.

3. Under the above rulings and the facts of this case, the court did not err in overruling the petition for removal to the Federal court.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

DECIDED JUNE 17, 1921.

Petition to remove cause; from city court of Albany — Judge Clayton Jones. November 17, 1920.

*Pope & Bennet, Peacock & Gardner,* for plaintiff in error.
*Claude Paylon,* contra.

LUKE, J. dissenting. While at the direction of the court I have prepared the judgment in this case, I do not agree to the conclusion reached by the court.

Mrs. F. M. Renfroe brought her action for damages against the Atlantic Coast Line Railroad Company, a non-resident corporation, and H. A. McGee, its resident engineer, alleging that while her son, Nelson Renfroe, was crossing the company's railroad-track in an automobile at a place where the Gintown public road crosses said track about three miles south and east of· Albany, he was run over and killed by a rapidly moving passenger-train of said company. The railroad company filed its petition to remove the cause to the United States circuit court, (1) because there was a separable controversy, and (2) because there was a fraudulent joinder of the engineer as codefendant with the railroad company for the purpose of preventing the removal of the case to the Federal court. The court denied the motion for removal, and his decision so doing is assigned as error.

A separable controversy is involved in this case if there is any single ground of actionable negligence, sufficient in and of itself to give rise to a cause of action, alleged against the railroad company alone. See *So. Ry. Co.* v. *Edwards*, 115 *Ga.* 1022 (42 S. E. 375). This question is determined by the State court under the State law, upon an examination of the allegations of plaintiff's petition, which allegations, for the purpose of this investi-

gation, must be taken as true. *Vanzant* v. *So. Ry. Co.,* 135 *Ga.* 444 (69 S. E. 721), and cit.; *A. C. L. R. Co.* v. *Bremer,* 9 *Ga. App.* 640 (72 S. E. 43). The railroad company alleges in its petition for removal that the establishment and maintenance of the dangerous crossing is a separate and distinct ground of actionable negligence alleged against it alone, and that the case is removable for this reason. The petition sets out that plaintiff's son was on the public highway when run over and killed by the railroad company's passenger-train drawn by engineer McGee, at a time when said train was late and running at a rapid and dangerous rate of speed. Paragraph ten of the petition alleges that both defendants were especially negligent because they had maintained this particular train on this particular run for ten years with full knowledge of the dangerous condition of the construction of the tracks, right of way, embankments, and obstructions. Paragraph eleven, after alleging, " that for nearly two miles the railroad company's tracks proceed along very low ground, much lower than this public road, and the train runs up grade to this crossing and into a very high embankment which exists on the south and east side of said tracks, and there is on the right of way and east thereof weeds thick and three to five feet in height, bushes five to ten feet in height, and pine trees thirty to forty feet in height, obscuring, together with the embankment, the approach of the train, which is not discernable until one gets in and upon the crossing, and this is particularly known to the railroad company and to the defendant McGee," concludes: " Hence all matter alleged in this paragraph is particularly set forth as negligence." To my mind this paragraph emphasizes the dangerous condition of the crossing as being a complete obstruction of Renfroe's view of an approaching train until he was " in and upon the crossing;" and I cannot escape the conclusion that when the pleader concludes the paragraph with the words, " Hence all matter set forth in this paragraph is particularly set forth as negligence," he means to allege the very dangerous condition of the track and right of way as negligence. I am reinforced in this conclusion by the allegations in paragraph twelve of the petition, where, after alleging that the road on which Renfroe was injured was known to be a much travelled public road, and that it was known to the defendants that the train which caused the

killing could not be observed from this particular point on the road "until one was upon the company's right of way and tracks, and at a time when anyone in a vehicle could not get by, over and off of the tracks before they would be run in upon and injured and killed by a rapidly moving train as this one was," the paragraph concludes: "All these acts, the maintenance of the crossing and the tracks, and the conduct of the train are especially alleged as negligence, and that said train was running at an unusually high rate of speed, being behind time," etc. This allegation of the maintenance of the crossing and the tracks as an act of negligence is distinctly made; and we are bound to consider this as a separate ground of negligence.

I think, further, that it is issuable whether or not Renfroe would have been injured if the tracks and right of way of the railroad company had not been so maintained as to obstruct his view. "It is well settled that where two concurrent causes operate in causing an injury, there can be a recovery against both or either one of the parties responsible for the concurrent causes." *Bonner* v. *Standard Oil Co.*, 22 *Ga. App.* 532 (96 S. E. 573), and citations. I think that the above ground of negligence was actionable.

The next question is whether this ground of negligence is alleged against the railroad company alone. I think it is. It is nowhere directly alleged in the petition that any duty rested upon the engineer to construct the railroad differently, or to maintain the right of way and tracks in a proper condition; while in paragraph sixteen the pleader referred to the "company's right of way and tracks," and paragraph seventeen charges the railroad company alone with having so graded its tracks as to conceal the approach of its train from one crossing the track on the public road. I therefore conclude that the act of negligence in question was alleged against the company alone.

If I be correct, it follows that the petition contains a distinct actionable charge of negligence against the non-resident defendant alone; and that the case is one involving a separable controversy between citizens of different States, and therefore is removable.