### HENDERLONG v. STANDARD OIL CO. OF CALIFORNIA et al.

(District Court, N. D. California, S. D. December 13, 1926.)

No. 17645.

**1. Removal of causes ⬤=61—Existence of separable controversy must be determined on pleadings on file.**

The question of existence of a separable controversy must be determined solely from the complaint and pleadings on file.

**2. Removal of causes ⬤=49(3)—Action for negligence against master and servant as removable by nonresident master, unless joint negligence is shown.**

An action against a nonresident corporation and a resident employee for an injury resulting from negligence of the employee involves a separable controversy, and is removable, unless the pleadings show concurrent negligence of the corporation, which makes a case of joint liability, and do not merely rest on the doctrine of respondeat superior.

**3. Removal of causes ⬤=95—Where joint liability for negligence does not appear from pleadings, filing of petition and bond automatically effects removal.**

Where concurrent negligence and joint liability of a nonresident and resident defendant joined do not affirmatively appear from the pleadings, the mere filing of a sufficient petition and bond divests the state court of jurisdiction and automatically removes the cause.

**4. Removal of causes ⬤=49(2)—Action for negligence against nonresident corporation and employee held removable by corporation.**

Where the complaint in an action against a nonresident corporation and its resident employee to recover for an injury alleged to have been caused by the negligent operation "by defendants" of a truck owned by the corporation and driven by the employee did not allege that the truck was defective, or charge the corporation with imposing dangerous rules of operation, or other specific act which would constitute negligence, the case *held* to involve a separable controversy and to be removable.

**5. Removal of causes ⬤=107(4)—Sworn petition for removal, not conflicting with complaint, may be considered in ascertaining facts.**

A sworn petition for removal may be considered for the purpose of ascertaining facts, where not in conflict with the complaint.

At Law. Action by Martha Henderlong against the Standard Oil Company of California and Francis H. Cadwalader. On motion to remand to state court. Denied.

Floyd D. Darby, of Healdsburg, Cal., and Casper A. Ornbaum, and Robert Duncan, both of San Francisco, Cal., for plaintiff.

Redman & Alexander, of San Francisco, Cal., for defendants.

KERRIGAN, District Judge. Plaintiff herein seeks to hold the Standard Oil Company of California, a nonresident corporation, and a codefendant, Francis H. Cadwalader, one of its resident employees, for an act of negligence alleged to have been committed by both defendants. The case has been removed to this court on the ground that a separable cause of action is stated against the corporation, and at the present time the matter is before me on a motion to remand.

On the motion to remove, Judge R. L. Thompson, of the superior court of the state of California, considered the question with unusual care, and upon granting the motion prepared a written opinion, which fully covers the matter and is adopted by this court as a correct exposition of the law on the point involved:

"It is alleged that the accident occurred 'while defendants were managing, operating, and driving a certain oil motor truck along and on the highway, and that said defendants negligently and carelessly drove said truck,' etc., so as to cause the death of Adelaide E. Henderlong, the daughter of plaintiff, and that her death was caused solely 'by the negligence and carelessness with which said defendants managed and operated said truck.'

"The sole question is whether such facts pleaded present a cause of joint liability against joint tort-feasors, or a cause of joint and separable liability. The petition for removal is made pursuant to the federal Judiciary Act of 1789 as amended in 1887. 23 R. C. L. 655, 662. Where an action is brought in good faith against two defendants jointly, and one of the defendants is a resident of another state, the cause cannot be removed to the federal court, unless the pleadings disclose a separable controversy. 23 R. C. L. 671; Lewis on Removal of Causes, 461, No. 277; Deere, Wells & Co. v. Chicago, M. & St. P. Ry. Co. (C. C.) 85 F. 876; Chicago, R. I. & Pac. Ry. Co. v. Dowell, 229 U. S. 102, 33 S. Ct. 684, 57 L. Ed. 1091.

"Section 28 of the Judiciary Act provides: ' * * * Any suit of a civil nature, at law or equity, * * * which may be brought in any state court * * * where there is a controversy which *is wholly between citizens of different states,* and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove such cause into the District Court of the United States for the proper district. * * *'

[1] "The question of the existence of a separable controversy must be determined solely from the complaint and pleadings on file. Fergason v. C., M. & St. P. Ry. Co. (C. C.) 63 F. 178; 23 R. C. L. 683; Williams v. New York, P. & N. R. Co. (C. C. A.) 11 F. (2d) 363, 45 A. L. R. 437. If it appears that a defendant has been joined solely for the purpose of having the cause tried in the court where the action is filed, the residence of such defendant must not be considered in determining the proper place of trial. C. C. P. 395; Lewis on Removal of Causes, 432, No. 258.

" 'Where an action is brought jointly against master and servant to recover damages for injuries caused by alleged negligent acts of the servant, constituting a positive tort by the latter, and for which the master would be liable under the doctrine of respondeat superior, *and the pleadings of the plaintiff also show concurrent negligence or wrongful acts of the master,* the cause is clearly not removable on the grounds of separable controversy.' 23 R. C. L. 686.

[2, 3] "It seems to be the settled rule that there must appear from the pleadings concurrent negligence on the part of the master and the servant, the employer and the employee, jointly charged, and not merely imputed negligence on the part of the employer, in order to hold both jointly liable, so as to defeat the petition for removal on the ground of severable controversies. McIntyre v. So. Ry. Co. (C. C.) 131 F. 987. Where concurrent negligence, and a joint liability of the defendants joined in the action, does not affirmatively appear from the pleadings, the mere filing of a petition and bond for removal within the 30 days allowed by statute, divests the state court, and automatically removes the case to the federal court. Frazier v. Hines (D. C.) 260 F. 874; Williams v. Delaware, L. & W. R. Co. (D. C.) 266 F. 1003; Williams v. New York, P. & N. R. Co. (C. C. A.) 11 F.(2d) 363, 45 A. L. R. 437; Lewis on Removal of Causes, 457, No. 274.

"As to just what facts will constitute a separable controversy between an employer and an employee is often difficult to determine. Each case must be determined upon its own particular facts. Among numerous authorities, where it has been held that a severable controversy did not exist, are Chesapeake & O. R. Ry. v. Dixon, 179 U. S. 131, 21 S. Ct. 67, 45 L. Ed. 121; Cincinnati, N. O. & Tex. Co. v. Bohon, 200 U. S. 221, 26 S. Ct. 166, 50 L. Ed. 448, 4 Ann. Cas. 1152; Deere, Wells & Co. v. Chicago, M. & St. P. Ry. (C. C.) 85 F. 876; Chicago, Rock Island & Pac. Ry. Co. v. Dowell, 229 U. S. 102, 33 S. Ct. 684, 57 L. Ed. 1090.

"In the last case cited above, which is relied upon by plaintiff in the instant case, the complaint alleged that the injuries complained of occurred because 'the engine * * * was old, worn, and defective; * * * it leaked steam into its cylinder; * * * that the appliances * * * for starting and stopping [the engine] were * * * defective; * * * that the driving-wheel brakes were defective; * * * that the defendant Johnson in charge * * * of the * * * engine * * * was incompetent and unskillful,' etc. In other words, it did affirmatively appear from the complaint in that case that the master or employer was negligent in supplying the servant or engineer with a defective, dangerous engine, and that the company was negligent in employing an incompetent and unskillful engineer. This constituted allegations clearly charging the railroad company itself with negligence, and since its negligence and the negligence of the servant joined to furnish the cause complained of, the cause of course was not severable, but the alleged negligence of both defendants mingled to cause the accident complained of. The principle of respondeat superior alone was not involved in this action. The same principle was held to warrant a removal of the causes in Beuttel v. Railway Co. (C. C.) 26 F. 50, and Fergason v. Ry. Co. (C. C.) 63 F. 177.

"In the case of Deere, Wells & Co. v. Chicago, etc., Ry. Co. (C. C.) 85 F. 876, relied on by plaintiff in the instant case, the court there said: ' * * * In the case now before the court there is not involved a question * * * ' of the liability of a master to his servant for any failure of the master's duty. The facts upon which the plaintiff company relies are that a fire was started upon the right of way of the defendant company, which was negligently allowed to spread to the property of the plaintiff company, causing its destruction. The negligence charged was the failure to properly

watch and guard the fire thus set out. * * * The acts charged are one, to wit, setting out the fire and allowing it to spread to plaintiff's property.'

"In that case it was held by the court, and easy to understand, that joint negligence was clearly charged against both the railroad company, which failed to properly guard a fire started on its right of way, which duty devolved primarily upon the company itself; and, secondly, negligence charged against the employee for both starting the fire and negligently permitting it to burn plaintiff's property. The negligence charged in that case was not merely based upon the principle of respondeat superior, so far as the company was concerned. It was a distinct and concurring negligence on the part of the company, as distinguished from the negligence also charged against the employee. Where one seeks to hold both the master and the servant for injuries sustained, the complaint should charge concurrent negligence on the part of both the master and the servant, and not merely negligence of the servant, and liability of the master on the ground of agency. Puckett v. Columbus Power Co. (D. C.) 248 F. 353.

"Where the complaint pleads facts showing joint or concurrent negligence, as distinguished from an action growing out of the mere relationship of master and servant, it presents a nonseverable controversy. If it is alleged that the concurrent negligence is the cause of injury, clearly a nonseverable controversy is presented. Lewis on Removal of Causes, 336, No. 176.

"In the following cases a removal of the action to the federal court was denied on the ground that the pleadings showed joint and concurrent negligence: Evans v. Sioux City Co. (D. C.) 206 F. 841, where it was alleged a street car company failed to equip the car with a proper fender, and injury resulted therefrom. In Atlantic Coast Ry. Co. v. Renfroe, 27 Ga. App. 198, 107 S. E. 881, it was alleged the railroad company maintained a dangerous crossing on a steep grade, with very high embankments, etc., which contributed to the cause of injury. Likewise in Rea v. Standard Mirror Co., 158 N. C. 24, 73 S. E. 116, So. Ry. Co. v. Sewell, 18 Ga. App. 544, 90 S. E. 94, Carmichael Co. v. Miller (Tex. Civ. App.) 178 S. W. 976, and Deutsch v. Alaska Min. Co. (D. C.) 237 F. 215, some specific negligence was charged to the master.

[4] "In the instant case, in order to have charged concurrent negligence against the Standard Oil Company and the employee, it seems to me there must be some allegation of defective machinery, or dangerous rules of operation imposed, or specific act on the part of the company, which would constitute negligence, independent of the mere liability that would follow the relationship of master and servant, and which concurring with the negligence charged against the employee, caused the injuries complained of. To be sure the complaint groups the defendants together in charging negligence in the operation of the truck. But the verified petition for removal alleges that defendant Cadwalader alone was operating the truck at the time of the accident, as driver and employee of the company. This is not controverted by the plaintiff. Indeed it was conceded at the hearing. The only negligence charged in the complaint was the negligent manner of driving the truck. I assume that a corporation could not become a party to the actual driving of a vehicle. Where no facts are alleged showing the furnishing of defective machinery, or an unsafe place for its employees to work, or the enforcement of dangerous rules of operation, or defective crossings, etc., but merely allege a relation of master and servant, and assume to hold the employer on the principle of master and servant, or respondeat superior, a separable controversy appears, and the cause should be removed to the federal court upon proper proceedings. In view of the verified petition in this case, which shows this relationship of master and servant, and in view of the absence of any direct specific allegation of negligence attributable to the company, I am of the impression that the petition should be granted. [5] "On the proposition that the petition may be considered for the purpose of ascertaining facts, where the complaint is not in conflict, the case of Rea v. Standard Mirror Co., 158 N. C. 24, 73 S. E. 116, says: '* * * Authorities are also to the effect that, where the petition for removal, properly verified, as in this case, and accompanied by proper and sufficient bond, has been filed in the state court, and the same contains allegation of fraudulent joinder, together with full and direct statement of the facts and circumstances of the transactions, sufficient, if true, to demonstrate that there had been such fraudulent joinder of the resident defendant, in such case, the order for removal should be made, and the jurisdiction of the state court is at an end. If the plaintiff desires to challenge the truth of these averments, he must do so on motion to remand or other proper procedure in the federal court. That court, being charged with the duty of exercising jurisdiction in such case, must have the power to consider and deter-

mine the facts upon which the jurisdiction rests. Chesapeake Ry. v. McCabe, 213 U. S. 207, 29 S. Ct. 430, 53 L. Ed. 765; Weck-er v. National Enameling, etc., Co., 204 U. S. 176, 27 S. Ct. 184, 51 L. Ed. 430 [9 Ann. Cas. 757]; Kansas City Ry. v. Daughtry, 138 U. S. 298, 11 S. Ct. 306, 34 L. Ed. 963; Boatmen's Bank v. Fritzlen, 75 Kan. 479, 89 P. 915, 22 L. R. A. (N. S.) 1235; Mc-Allister v. Chesapeake Ry., 85 C. C. A. 316, 157 F. 740 [13 Ann. Cas. 1068]; Atlantic Coast Line v. Bailey (C. C.) 151 F. 891; So. Ry. v. Hudgins, 107 Ga. 334, 33 S. E. 442; Byson v. McPherson, 71 Iowa, 437, 32 N. W. 418.'

"The foregoing is not cited to indicate that it is a fraud to join an employee, actually engaged in the operation of a truck for his employer corporation. Just the contrary has been held to be the law; that is, that such joinder of parties defendant does not constitute a fraud. Deutsch v. Alaska Mining Co. (D. C.) 237 F. 215; Atlantic Coast Line v. Renfroe, 27 Ga. App. 198, 107 S. E. 881; Evans v. Sioux City Co. (D. C.) 206 F. 841. But where the uncontroverted facts appear by verified petition, that question must be determined by the federal court after the transfer has been made.

"For the reason that the complaint fails to allege any specific act of negligence contributing to the injuries complained of, distinct from the mere relationship of master and servant, or employer and employee, and because from the pleadings as they are presented to this court it appears in effect that it was the negligence of the driver of the truck alone which is charged with causing the injuries, I think that according to rule that appears to have been followed, a separable controversy appears, and the causes should be removed to the federal court. It is so ordered."

For the reasons stated in that opinion the motion to remand is denied.